## UNITED STATES v. MABEL ELEVATOR CO.

(District Court, D. Minnesota, First Division. September 10, 1925.)

**1. Time ⬤⟾4—"Fiscal year" is accounting period of 12 months, ending on last day of any month other than December.**

The term "fiscal year," as used in the Revenue Acts and regulations of Commissioner of Internal Revenue, is an accounting period of 12 months ending on the last day of any month other than December.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Fiscal Year.]

**2. Internal revenue ⬤⟾25—Government cannot assess deficiency against taxpayer making honest income tax return after five years, because return did not strictly comply with law (Revenue Act 1924, § 277 [a] [2], being Comp. St. § 6336½zz[4]).**

Under Revenue Act 1924, § 277 (a) (2), being Comp. St. § 6336½zz(4), requiring assessment of income or profits taxes under Revenue Act of 1917 (40 Stat. 300) and Revenue Act of 1918 (40 Stat. 1057) within five years after return, government cannot assess a deficiency against taxpayer making an honest return, on ground that it was not in strict compliance with law.

At Law. Action by the United States against the Mabel Elevator Company. Judgment for defendant.

The Mabel Elevator Company, situated at Mabel, Minn., filed its income and excess profits tax returns for the fiscal years ending July 31st, from July 31, 1914, to July 31, 1924, inclusive, and on October 29, 1918, before passage of Revenue Act of 1918, filed its return for the period from August 31, 1917, to July 31, 1918, and on April 10, 1919, filed a second return for the same period, and thereafter a so-called amended return. The elevator company closed its books about July 10th each year, but practically no business was transacted between such date and July 31st. On May 28, 1924, the elevator company was instructed to file its income and excess profits tax return for year subsequent to 1918 on a calendar year basis, but did not file a return for the 5-months period beginning August 1 and ending December 31, 1917.

Thereafter the Commissioner of Internal Revenue proposed an assessment of income and excess profits tax for such 5-months period predicated on income and invested capital for the 12-months period ending July 31, 1918; the tax being reduced to the basis of a period of 5 months. An appeal was taken by the Mabel Elevator Company to the United States Board of Tax Appeals, which disallowed the deficiency in tax determined by the Commissioner therein.

Lafayette French, Jr., and Leland W. Scott, both of St. Paul, Minn., and Mark H. Adams, of Washington, D. C., for plaintiff.

Deutsch, Loeffler & Amick, of Minneapolis, Minn., for defendant.

JOHN B. SANBORN, District Judge. Upon the admissions contained in the pleadings, the stipulation of the parties, and the evidence adduced, the court finds as facts:

(1) That the Mabel Elevator Company was at all the times herein mentioned, and is now, a corporation organized under the laws of the state of Minnesota on May 25, 1914, and having its principal office and place of business at Mabel, Minn.

(2) That the Mabel Elevator Company filed its income and excess profits tax returns on the fiscal year basis, ending July 31st, from July 31, 1914, to July 31, 1924, inclusive. That said defendant, on or about October 29, 1918, before the passage of the Revenue Act of 1918 (40 Stat. 1057), filed its return for the period from August 1, 1917, to July 31, 1918; that on April 10, 1919, after the 1918 act became effective, the defendant filed a second return for the same period, and thereafter the defendant filed a so-called "amended return" for the same period.

(3) That the Mabel Elevator Company, during the years 1914 to 1924, inclusive, closed its books and records on or about July 10th to July 15th of each year, and that practically no business was transacted between those dates and July 31st in each year.

(4) That on May 28, 1924, the Mabel Elevator Company was instructed by the Commissioner of Internal Revenue to file its income and excess profits tax returns for the years subsequent to 1918 on a calendar year basis; that on September 25, 1924, the Commissioner of Internal Revenue instructed and required the Mabel Elevator Company to file a calendar year return for the year 1918.

(5) That the Mabel Elevator Company did not file a return for the 5-months period beginning August 1 and ending December 31, 1917.

(6) That on December 3, 1924, the Commissioner of Internal Revenue forwarded to the taxpayer, by registered mail, a 60-day letter proposing the assessment of income and profits tax of $2,915.73 for the 5-months period beginning August 1 and ending December 31, 1917, after first determining said tax to be due. That the deficiency in tax was

predicated upon the Mabel Elevator Company's having an income of $16,294.50 and an invested capital of $22,839.18 for the 12-months period ending July 31, 1918, the tax being reduced to the basis of a period of 5 months or five-twelfths of the tax for the 12-months period; that the amount of the deficiency tax is correct and correctly computed, provided the law required the defendant to make a return for such 5-months period, and provided, also, that the right of the plaintiff to collect the tax is not barred by the running of the period of limitation.

(7) That on or about December 10, 1924, the Mabel Elevator Company appealed from the determination of the said Commissioner of Internal Revenue to the United States Board of Tax Appeals, by filing a petition with said board, alleging that its returns filed on the fiscal year basis ending July 31, 1918, were correct, and that the statute of limitations barred the assessment or collection of the proposed assessment of tax.

(8) That the Commissioner of Internal Revenue answered such appeal before the Board of Tax Appeals, and alleged that the Mabel Elevator Company was required by the Revenue Act of 1918 to file its income and excess profits returns on the calendar year basis; that the Mabel Elevator Company should have filed a return for the 5-months period beginning August 1 and ending December 31, 1917.

(9) That on or about September 8, 1925, the United States Board of Tax Appeals disallowed the deficiency in tax determined by the Commissioner in the sum of $2,915.73, proposed to be assessed for the 5-months fiscal period ending December 31, 1917, against the defendant, upon the grounds and for the reasons specified in said opinion.

(10) That the defendant paid the tax shown to be due by its return for the period from August 1, 1917, to July 31, 1918.

As a conclusion of law, the court finds that the plaintiff is entitled to take nothing by this action.

### Memorandum.

Section 277 (a) (2) of the Revenue Act of 1924 (Comp. St. § 6336⅛zz[4]) provides that the amount of income or profits taxes imposed by "the Revenue Act of 1917, the Revenue Act of 1918, and by any such act as amended, shall be assessed within five years after the return was filed."

[1] The government claims that the defendant did not file a return within the meaning of this section, for the reason that it had no right to make a return on the fiscal year basis, because its fiscal year ended July 10th or 15th, instead of July 31st. The term "fiscal year," as defined by the Revenue Acts and the regulations of the Commissioner of Internal Revenue, is an accounting period of 12 months ending on the last day of any month other than December. If the defendant had no right to make a return on the fiscal year basis, then the income should have been computed on the basis of a calendar year, and it should have made a return for the 5-months period in question. It is not necessary to decide whether a substantial compliance with the law, such as existed in this case, is sufficient or not. The government does not claim that the defendant had any fraudulent intent in filing its return in the manner that it did, or that the government was in any way prejudiced by the failure of the defendant to close its books on July 31st.

[2] It comes down to the question as to whether, when a taxpayer makes an honest return, which he believes to be in compliance with the law, the government can assess a deficiency against him after the expiration of 5 years, on the ground that it was not in strict compliance with the law. This question, it seems to me, must be answered in the negative, as it was answered by the United States Board of Tax Appeals, whose decision is reported in 2 B. T. A. 517. Otherwise, *there would practically be no period of limitation whatsoever, and every man who made an inaccurate return could have a deficiency assessed against him at any time, because an inaccurate return is not a return made strictly in compliance with the law.*