## LAWRENCE v. HAM, Collector of Internal Revenue.

District Court, D. Maine, S. D. May 17, 1927.

1. **Internal revenue ⊗⇒38(12)—Taxpayer, claiming benefit of law requiring assessment for 1918 taxes within five years, must show return was filed prior to such period (Revenue Act 1924, § 277, subd. [a], par. [2], being Comp. St. § 6336½zz[4]; Revenue Act 1918).**

Taxpayer, claiming the benefit of Revenue Act 1924, § 277, subd. (a), par. (2), being Comp. St. § 6336½zz(4), requiring taxes imposed by Revenue Act 1918 (40 Stat. 1057), to be assessed within five years after return was filed, has burden of showing that he filed his tax return prior to the five-year period.

2. **Internal revenue ⊗⇒38(12)—Evidence held to establish that taxpayer filed 1918 income tax return before five-year period of limitation (Revenue Act 1924, § 277, subd. [a], par. [2], being Comp. St. § 6336½zz[4]).**

In taxpayer's action to recover sum paid under protest as income tax for the year 1918, evidence *held* to establish that return was filed before beginning of five-year period, constituting bar to collection thereof under revenue Act 1924, § 277, subd. (a), par. (2), being Comp. St. § 6336½zz(4).

3. **Internal revenue ⊗⇒36—Claim for refund of 1918 tax on blank furnished by department, referring to statute of limitations and specifying law relied on, held sufficient (Revenue Act 1924, § 277, subd. [a], par. [2], being Comp. St. § 6336½zz[4]).**

Taxpayer's claim for refund of income tax for 1918 paid under protest, made on blank furnished by department and referring distinctly to the statute of limitations, and specifying Revenue Act 1924, § 277, subd. (a), par. (2), being Comp. St. § 6336½zz(4), as section relied on, *held* sufficient to give government agents ample notice of ground relied on as defense to tax.

**4. Internal revenue ⊜⇒25—Filing informatory or amended return for 1918 income under threat held not waiver of right to rely on limitation (Revenue Act 1924, § 277, subd. [a], par. [2], being Comp. St. § 6336½zz[4]).**

Taxpayer's filing informatory or amended return of income for 1918, under threat that bureau would withhold certain action on other income tax returns until such return was filed, *held* not to constitute any waiver or legal reason for permitting government to override five-year limitation period under Revenue Act 1924, § 277, subd. (a), par. (2), being Comp. St. § 6336½zz(4), particularly since attorney in filing return expressly stated to Commissioner that five-year limitation was relied on.

At Law. Action by Edward M. Lawrence against Frank J. Ham, Collector of Internal Revenue. Judgment for plaintiff.

James Perkins (of Locke, Perkins & Williamson), of Augusta, Me., for plaintiff.

William W. Gallagher, Asst. U. S. Atty., of Portland, Me., for defendant.

PETERS, District Judge. This action was brought to recover the sum of $3,941.60 paid under protest by the plaintiff as income tax for the year 1918. The plaintiff appealed from the assessment made by the collector, whose determination was sustained by the Board of Tax Appeals. It appears that the plaintiff filed his income tax report for the year 1918 with the income tax collector at Portsmouth, N. H., who then had jurisdiction over Maine. There is no record evidence as to the date on which the return was received in the office of the collector. A letter from the defendant to the attorney for the plaintiff, dated November 19, 1925, says, referring to this matter:

"A return of the taxpayer for the year in question was discovered on file in this office bearing serial number N. I. 030360. The return did not bear a receiving stamp and this office has no way of ascertaining the date the same was filed.

"The collection district of Maine was organized on October 1, 1919. Income tax returns for the year 1918 of taxpayers residing in the state of Maine were filed with the collector of internal revenue at Portsmouth, N. H."

The date of filing becomes important, because the tax in question was assessed against the plaintiff on March 11, 1925, which the plaintiff claims was subsequent to the period provided by section 277 (a) (2) of the Revenue Act of 1924 (Comp. St. § 6336½zz[4]), which reads in part as follows:

"The amount of income, excess profits,

and war profits taxes imposed by * * * the Revenue Act of 1918 * * * shall be assessed within five years after the return was filed. * * *"

At the hearing before the Board of Tax Appeals no evidence of mailing the income tax return to the office of the collector was introduced, and the board said that they were therefore unable to determine that the return was filed more than 5 years prior to the mailing of the 60-day letter of March 11th, 1925, which notified the plaintiff of the determination of his tax by the collector.

[1] It is doubtless incumbent upon a taxpayer in such a case to show that he filed his tax return prior to the 5-year period.

[2] At the hearing in this court the plaintiff testified positively of his personal action while in Florida, on March 7, 1919, in going before a notary in a certain bank in Miami, swearing to his return, and himself personally mailing it to the collector of internal revenue at Portsmouth, N. H., which was the proper office to which the return should be sent. That it was received at that office is apparent from the fact that it is found in the files of the collector. It was sent into the district of Maine after it was separated from the district of New Hampshire. A clerk in the office of the collector testifies that the affairs of the office at that early date were somewhat chaotic, and that several instances occurred where returns filed in the usual course had no filing date upon them, through inadvertence of clerks in the collector's office.

There is no reason to deprive the plaintiff of the ordinary presumption that the letter he mailed in Florida on March 7th was received in Portsmouth in the usual course of the mail, especially where it is apparent that the letter was received. If there were no evidence as to when the letter was mailed, there would clearly be no evidence, as found by the Board of Tax Appeals, as to when the letter was received in the office of the collector. I am satisfied from the evidence in this case that it was received long before the beginning of the 5-year period, reckoning back from March 11, 1925, and for that reason the attempt to assess a deficiency tax was unavailing.

[3] Counsel for the defendant suggests that sufficient grounds for recovery in this case were not stated in the claim for a refund, dated December 21, 1925, made by the plaintiff. This, however, was made on the blank furnished by the department and refers distinctly to the statute of limitations, specify-

ing the section of the act of 1924 relied on, and further stating that no waiver had ever been signed by the plaintiff. It manifestly gave the government agents, with their knowledge of the administrative provisions of the law, ample notice of the ground relied on by the plaintiff.

[4] It does appear that in 1924 the plaintiff filed what he claims to be an informatory return, and what the defendant calls an amended return, of income for 1918, which would be ample ground for assessing a tax of $3,941.60, if it were not for the statute of limitations. In fact, the plaintiff in this return, whether it is called an amended return or an informatory return, on oath computed his proper tax for 1918 as $3,941.60. It seems, however, that the plaintiff was required to file this supplemental return by the threat that the bureau would withhold certain action on income tax returns of the Lawrence Canning Company until this other return was filed, and when it was filed the attorney and agent for the plaintiff expressly stated to the commissioner that the 5-year period was relied upon, that the plaintiff claimed that no additional tax could be assessed, and that he waived no rights by filing this return as he was requested, and which, as a matter of fact, shows the receipt by him of certain royalties, presumably from the canning company, which were omitted in his original return. I cannot see, in the circumstances of the filing of this additional return, any waiver or any legal reason for permitting the government to override the 5-year limitation period, and under the circumstances judgment must be for the plaintiff for the amount claimed.