GEORGE A. MENDES & CO. v. BOWERS, Collector of Internal Revenue.

District Court, S. D. New York.   July 28, 1927.

Internal revenue ⟨⟩38(3)—Payment of income tax to secure return of bonds deposited after demand for additional tax was unenforceable, held voluntary, and not recoverable.

Where plaintiff deposited Liberty Bonds, to be returned to it only on payment of additional income tax, if demanded, which demand was then enforceable, and afterward, after the time for enforcement had expired, paid the additional tax to secure return of the bonds, such payment was voluntary, and cannot be recovered back.

At law.   Action by George A. Mendes & Co. against Frank K. Bowers, Collector of Internal Revenue.   Judgment for defendant.

Benjamin Mahler, of New York City, for plaintiff.

Charles H. Tuttle, U. S. Atty., of New York City, for defendant.

BONDY, District Judge.   Though the business of buying and selling merchandise was only an incident of plaintiff's business of selling on commission goods belonging to others, the evidence discloses that on January 1, 1917, the plaintiff had unsold merchandise on hand inventoried at $17,943.78, and also that it made substantial profits in its business of buying and selling merchandise. Under such circumstances, I believe that this is not the case of a trade or business having not more than a nominal capital, and that therefore it does not fall within section 209 of the Revenue Act of 1917 (Comp. St. § 6336⅜j).

It has been stipulated that on May 17, 1922 (that is, within five years of the filing of plaintiff's income tax return, and while payment of an additional tax assessed for the year 1917 could be enforced), the defendant deposited with a bank Liberty Bonds of the par value of $20,000 to protect the liability of the collector to the government, and to be turned over to the defendant in the event that the plaintiff fails or refuses to pay the tax when demanded; that on March 24, 1923 (within five years of the filing of the return), the Commissioner of Internal Revenue demanded payment of $7,373.04, the balance of the tax remaining due after crediting a conceded overassessment; that on April 2, 1923 (more than five years after the return was filed), the plaintiff paid $7,373.04; and that at the same time Liberty Bonds of the par value of $20,000 were returned to the plaintiff.   The facts stipulated make inapplicable the cases relied on by the plaintiff.

The collector withheld the collection of the tax when the bonds were deposited, on the understanding that they were to be returned to the plaintiff only after the tax was paid. The plaintiff never demanded back the bonds on the ground that the payment of the tax was not enforceable, because more than five years had passed since the return was filed. On the contrary, he paid the tax, knowing that the bonds would not be returned voluntarily unless the tax was paid.   The return of the bonds constituted consideration for the payment; and the payment was voluntarily made in accordance with plaintiff's agreement, notwithstanding that the check was marked "Paid under protest."   The plaintiff, after its default in the payment of the tax on demand, could not insist on the return of the bonds, especially without making good its default and paying the tax.   As stated, the payment was voluntarily made to induce, and in consideration of, the return of the bonds notwithstanding plaintiff's default.

There, therefore, should be judgment for the defendant.