## PASO ROBLES MERCANTILE CO. v. COMMISSIONER OF INTERNAL REVENUE.

Circuit Court of Appeals, Ninth Circuit. July 1, 1929.

Rehearing Denied August 12, 1929.

No. 5758.

Philip G. Sheehy, of San Jose, Cal., for petitioner.

Mabel Walker Willebrandt, Asst. U. S. Atty. Gen., Sewall Key and J. Louis Monarch, Sp. Assts. to Atty. Gen. (C. M. Charest, Gen. Counsel, and Stanley Suydam, Sp. Atty., Bureau of Internal Revenue, both of Washington, D. C., of counsel), for respondent.

Before RUDKIN, DIETRICH, and WILBUR, Circuit Judges.

DIETRICH, Circuit Judge. This is a petition for the review of a decision by the Board of Tax Appeals rendered September 6, 1928. The only question submitted for consideration is: When did the statutory period of limitations for the assessment of petitioner's income taxes for the years 1918–19 commence to run? Section 200 et seq. of the Revenue Act of 1918 (40 Stat. 1057) provide that returns may be made upon the basis of the calendar year or of a "fiscal year," "fiscal year" being defined as a "period of twelve months ending on the last day of any month other than December" (40 Stat. 1058, § 200), and "the net income shall be computed upon the basis of the taxpayer's annual accounting period (fiscal year or calendar year, as the case may be) in accordance with the method of accounting regularly employed in keeping the books" of the taxpayer (40 Stat. 1064, § 212). Section 250 of the act provides that: "Except in the case of false or fraudulent return with intent to evade the tax, the amount of tax due under any return shall be determined and assessed by the Commissioner within five years after the return was due or was made, and no suit or proceed-

ing for the collection of any tax shall be begun after the expiration of five years after the date when the return was due or was made." 40 Stat. 1083. The petitioner, a California corporation with its principal place of business at Paso Robles, kept its books on the basis of a fiscal year ending January 31st. Instead of adjusting its tax returns to such a year, it made them on the basis of the calendar year, and, accordingly, for the calendar year 1918 it filed a return on April 14, 1919, and for the calendar year 1919, on March 11, 1920, and similarly for the years 1920, 1921, and 1922, which latter years are not presently important. Declining to accept the calendar year as the return period, the Commissioner on March 10, 1925, made an assessment of an additional tax of $3,697.10 for the fiscal year ending January 31, 1919. He had no specific return for that period, and in determining the amount he computed the tax from the two pertinent calendar year returns. Finding to be due a total of $4,653.66, he credited thereon eleven-twelfths of the tax petitioner had paid on the basis of its return for the calendar year 1918 and one-twelfth of the amount paid on a like basis for 1919, and thus determined a net balance of $3,697.10. If the return made on April 14, 1919, for the 1918 calendar year, standing alone, be held effective as a return for that period, it would be necessary to decide that the assessment of March 10, 1925, in so far as it related to the 1918 calendar year, was void for want of authority; more than five years having elapsed subsequently to the return. If, upon the other hand, such return be deemed ineffective for any purpose until supplemented by the return for the following calendar year because it covered only eleven months of the taxpayer's fiscal year, then the assessment of March 10, 1925, would be within the five-year limitation period, for upon that theory there was no complete return for the fiscal year ending January 31, 1919, until the return for the 1919 calendar year was filed, on March 11, 1920. The Board of Tax Appeals adopted this latter view, and we think correctly. That under the circumstances the petitioner did not have the legal right to make returns for calendar years is virtually conceded. Article 25 of Regulations 45, among other things, provides: "A taxpayer having an existing accounting period which is a fiscal year within the meaning of the statute not only needs no permission to make his return on the basis of such a taxable year, but is required to do

so, regardless of the former basis of rendering returns." If that be true, and petitioner was bound to make return for the year ending January 31st, it could not expect an assessment until a return was in for the whole of that year. True, a return purporting to cover the tax year, if merely erroneous or defective, may start the running of the statute; but where there are two or more returns each of which covers only a part of the year, and all of which the Commissioner must have before he can intelligently determine the net income for such year and make the requisite assessment, it would be unreasonable to hold that the statute begins to run before the last one is in, and he is thus for the first time enabled to perform his duty. Such seems to have been the holding of the Board in the Beck Engraving Co. Case, 8 B. T. A. 897. "When a statute limits a thing to be done in a particular mode, it includes the negative of any other mode." Botany Mills v. United States, 278 U. S. 282, 289, 49 S. Ct. 129, 131 (73 L. Ed. ——). See also United States v. Barth Co., 49 S. Ct. 366, 73 L. Ed. —— (decided by the Supreme Court May 13, 1929).

Of the decisions cited by appellant we are unable to see how United States v. Board (D. C.) 14 F.(2d) 459, even remotely supports its position. United States v. Mabel Elevator Co. (D. C.) 17 F.(2d) 109, would be in point if in the final event here the Commissioner had declined to give any consideration to the returns made by the taxpayer. He did not so decline, but held only that he could not assess the tax for the fiscal year until the two relevant calendar year returns were in. We fail to see the pertinency of either Lawrence v. Ham (D. C.) 19 F.(2d) 643, or Russell et al. v. United States, 278 U. S. 181, 49 S. Ct. 121, 73 L. Ed. ——.

Affirmed.

RUDKIN, Circuit Judge (dissenting). For the tax year 1918, and for a number of years subsequent thereto, the taxpayer filed its returns on the calendar year basis. The difference between the beginning and ending of the calendar and fiscal years was one month, and it is conceded that the returns were honestly made, without any design to evade the tax. Under such circumstances, I am inclined to the opinion that the returns were sufficient in form and substance to start the running of the statute of limitations. United States v. Mabel Elevator Co. (D. C.) 17 F.(2d) 109.