## MANN v. UNITED STATES.
### No. J–201.

Court of Claims.
Nov. 3, 1930.

Thomas J. Reilly, of Washington, D. C. (Robert Ash, of Washington, D. C., on the brief), for plaintiff.

Lisle A. Smith, of Washington, D. C., Herman J. Galloway, Asst. Atty. Gen., and Wright Matthews, of Washington, D. C., for the United States.

Argued before BOOTH, Chief Justice, and WILLIAMS, GREEN, and LITTLE-TON, Judges.

LITTLETON, Judge.

The first contention of plaintiff is that the Commissioner of Internal Revenue proceeded in an unlawful manner and contrary to the provisions of section 250(d) of the Revenue Acts of 1918 and 1921 (40. Stat. 1083; 42 Stat. 265) in determining the tax liability for the fiscal year ended January 31, 1919, in that he did not give plaintiff notice or an opportunity to be heard; that the application by the Commissioner of a portion of the total tax paid on the calendar year 1919 return in satisfaction of the total tax liability determined by him to be due for said fiscal year ending January 31, 1919, was therefore contrary to law, and plaintiff should be given judgment for the amount. There is no merit in this contention. Section 250(d) of the Revenue Act of 1921 provides

for a notice and opportunity to be heard only in those cases where the Commissioner, upon examination of the return, determines that there is a deficiency in tax. The purpose of this provision was to afford the taxpayer an opportunity to be heard before he should be called upon to pay more tax than he had reported in his return. In this case the Commissioner determined no deficiency, and the taxpayer was never called upon to pay any additional tax. On the contrary, the Commissioner determined that he had paid more tax than was due, and ordered a refund. Plaintiff was not prejudiced by the action of the Commissioner, and he has no right to complain because it might have suited him better had the Commissioner sent him a notice of what he proposed to do before he did it.

Plaintiff's next contention is that the collection by the Commissioner of any tax from him for the fiscal year ended January 31, 1919, was barred by the statute of limitation. He also contends that the tax for this fiscal year was collected without assessment, contrary to law. In order to determine whether plaintiff's contention upon this point is correct, it is necessary to determine, first, whether the adjustment made by the Commissioner which resulted in the determination of the overpayment of $10,347.32 for the fiscal year ended January 31, 1919, was correct. Plaintiff filed calendar year returns for 1918 and 1919. Subsequently the Commissioner determined, and correctly so, that a return should have been filed on the basis of a fiscal year ended January 31, 1919, in accordance with the method of accounting employed by the plaintiff in keeping his books. There is no question about the correctness of this determination. On the return filed by plaintiff for the calendar year 1919, he paid a tax computed upon the income shown in the return for this period of $22,118.55. On the basis of a fiscal year ended January 31, 1919, the Commissioner determined that the plaintiff's tax liability was $11,771.23. There is no question about the correctness of this determination. This amount the Commissioner subtracted from $22,118.55 assessed and paid on the calendar year return, and a certificate of overassessment was issued to the plaintiff for the difference of $10,347.32.

█ It is plaintiff's contention that this adjustment by the Commissioner was erroneous, and that he should have taken eleven-twelfths of the tax paid for the calendar year 1918 and one-twelfth of the tax paid for the calendar year 1919, and applied the sum of these two amounts to the payment of the tax determined to be due for the fiscal year ended January 31, 1919. Plaintiff points to no provision of the statute which justifies this claim, and his contention entirely overlooks the fact that a taxable year must be regarded as a separate and distinct period and as a unit. The provisions of the various revenue acts seem clearly to contemplate that each taxable year must be regarded as a unit, and the administrative provisions, having been enacted for application in accordance with this provision, cannot be given proper effect, if the taxable year thus treated is disregarded. Section 200 of the Revenue Act of 1918 (40 Stat. 1058) defines the term "taxable year" as meaning the calendar year or the fiscal year ending during such calendar year. Consistent with this definition it is clear that an amount of tax, whether due for the fiscal year 1919 or the calendar year 1919, is due for the taxable year 1919. When a taxpayer files a calendar year return when he should have filed a return for the fiscal year ending during such calendar year, this return, although erroneous, must be treated as a return under the statute, and it can only be treated as a return for a taxable period or year that has ended during the period covered by it. It cannot be treated as a return for a portion of two taxable years, for there is no authority in the statutes or in the regulations for such a return, and, if it were regarded as a return for two periods, each falling in separate taxable years, it could not be treated as a return for any purpose under the statute. It would therefore necessarily follow that a tax assessed and paid on a return for a calendar year, when the true accounting period of plaintiff was a fiscal year ending within that calendar year, must be regarded as having been assessed and paid for the fiscal year, even although the taxpayer filed his return on the wrong basis. If this were not true, it would be necessary to construe the provisions of section 284(a) of the Revenue Act of 1926 as authorizing the credit of an amount overpaid for one taxable year to a tax due for the same taxable year. Obviously no such construction can be placed on section 284(a). Under plaintiff's contention, a credit would be made every time an adjustment is made for a taxable year for any reason.

Plaintiff relies upon the decision of the United States Board of Tax Appeals in Paso Robles Mercantile Co. v. Com'r of Internal Revenue, 12 B. T. A. 750, in which the board determined that, where a taxpayer filed a calendar year return when he should have

filed a fiscal year return, the tax erroneously computed on a calendar year basis should be credited on the tax shown due on a fiscal year basis in proportion to the months in a respective calendar year making up the fiscal year. We think the principal objection to this method of allocating the tax, other than the objections hereinbefore pointed out, is that it provides for a division of tax paid on an erroneous calendar year basis and the arbitrary allocation of it in two portions to two separate fiscal years in a manner not authorized or contemplated by the statute. This procedure can only be justified on the theory that a tax assessed and paid on a calendar year return represents a tax due for two different taxable periods, the current taxable period and the resulting taxable period, and that a tax paid for the resulting taxable period is an advance collection of a tax for a year that has not ended. Furthermore, the foundation of the theory applied by the board contemplates a method of credit for which there is no basis in the statute. The statute meticulously specifies the various credits authorized to be made, and authority for such a credit cannot be found in the statute. We find no justification in the statute for treating an overpayment of tax for one year as an advance collection of tax that may be due on a return for the following taxable year not yet due at the time the return under consideration was made. We think it would be going too far to construe the revenue acts as sanctioning the treatment of a return filed for one taxable year, even though erroneously filed, as a return for two taxable periods. In our opinion, it is more in conformity with the law to regard the return and assessment of tax thereon as being a return and an assessment of tax for one taxable period either a calendar year or a fiscal year ending within the calendar year.

Section 212(b) of the Revenue Act of 1918 (40 Stat. 1064) requires that "the net income shall be computed upon the basis of the taxpayer's annual accounting period (fiscal year or calendar year, as the case may be) in accordance with the method of accounting regularly employed in keeping the books of such taxpayer. * * *"

Section 223 of that act (40 Stat. 1074) requires that "every individual having a net income for the taxable year" of a certain amount or over "shall make under oath a return stating specifically the items of his gross income and the deductions and credits allowed by this title." Section 250(b) of the Revenue Act of 1918 (40 Stat. 1083) provides that:

"As soon as practicable after the return is filed, the Commissioner shall examine it. If it then appears that the correct amount of the tax is greater or less than that shown in the return, the installments shall be recomputed. If the amount already paid exceeds that which should have been paid on the basis of the installments as recomputed, the excess so paid shall be credited against the subsequent installments; and if the amount already paid exceeds the correct amount of the tax, the excess shall be credited or refunded to the taxpayer in accordance with the provisions of section 252.

"If the amount already paid is less than that which should have been paid, the difference shall, to the extent not covered by any credits then due to the taxpayer under section 252, be paid upon notice and demand by the collector. * * *"

Section 252 of this act (40 Stat. 1085) provides that:

"If, upon examination of any return of income made pursuant to this Act, * * * it appears that an amount of income, war-profits or excess-profits tax has been paid in excess of that properly due, then, notwithstanding the provisions of section 3228 of the Revised Statutes, the amount of the excess shall be credited against any income, war-profits or excess-profits taxes, or installment thereof, then due from the taxpayer under any other return, and any balance of such excess shall be immediately refunded to the taxpayer. * * *"

The Revenue Acts of 1924 and 1926 contain similar provisions. The Commissioner's determination was entirely consistent with these provisions, and it ought not to be disturbed without cogent reasons. Except for the failure of the taxpayer to comply with the statutes or his failure timely to correct his mistake, or otherwise protect his rights, the method followed by the Commissioner could in no case work a hardship upon the taxpayer, and we have no doubt that the Commissioner's method has in a great many cases operated favorably to many taxpayers. Except when the Commissioner is late in making an examination of a return filed on a calendar year basis when it should have been made for a fiscal year ending within such calendar year, it would be necessary for the Commissioner to hold in suspense a portion or all of the tax paid on such calendar year return until the end of the fiscal year begin-

ning in the calendar year for which the return was filed and ending in the following year to see whether there might be a tax due for such following fiscal year and at the same time compel the taxpayer to pay a large additional tax for the previous fiscal year. Obviously no such method was intended by the statute. The statute requires that the return shall be examined as soon as practicable after it is filed, and that any excess tax shown on the return over that which is found to be due shall be immediately refunded. The Commissioner's method fulfills this requirement in every case, while the method contended for by plaintiff does not. In affirming the decision of the United States Board of Tax Appeals on the question of the statute of limitation in Paso Robles Mercantile Co. v. Com'r of Internal Revenue, supra, that a calendar year return did not start the running of the statute of limitation for a fiscal year beginning in such calendar year and ending in a subsequent calendar year, the court in (C. C. A.) 33 F.(2d) 653, 654, said: " * * * Where there are two or more returns each of which covers only a part of the year, and all of which the Commissioner must have before he can intelligently determine the net income for such year and make the requisite assessment, it would be unreasonable to hold that the statute begins to run before the last one is in, and he is thus for the first time enabled to perform his duty." It is clear from this holding of the court that an erroneous calendar year return cannot be regarded as a return for a part of a fiscal year beginning in the calendar year for which such return is filed for any purpose; and, such being the case, the amount of tax shown upon such return and paid cannot be regarded or treated as an advance payment of a tax for a part of a fiscal year beginning in such calendar year. We are therefore of the opinion that the contention of plaintiff that eleven-twelfths of the tax returned and paid on the calendar year 1918 return and one-twelfth of the tax returned and paid on the calendar year 1919 return should be treated as the tax due for the fiscal year ended January 31, 1919, is without merit, and we are unable to concur in the decision of the Board of Tax Appeals on this point in Paso Robles Mercantile Co. v. Com'r of Internal Revenue, supra. The question of the allocation of the tax paid on the erroneous calendar year return was not before the court in Paso Robles Mercantile Co. v. Com'r of Internal Revenue, (C. C. A.) 33 F.(2d) 653. We think the cases of Edwards v. Douglas, 269 U. S. 204, 46 S. Ct. 85, 70 L. Ed. 235, and Mason v. Rout-

zahn, 275 U. S. 175, 47 S. Ct. 344, 71 L. Ed. 840, are not in point. They involve the determination of income, and the court approved the determination on a time basis, in the absence of proof of what the exact income was.

In this case plaintiff owed $11,771.23 for the taxable year 1919. He had been assessed and had paid on a return made by him for the taxable year 1919 the amount of $22,118.55. The action of the Commissioner in deducting $11,771.23 and refunding the balance of $10,347.32 as an overpayment, was, in our opinion, the proper method of adjusting the tax liability under the law. There was no necessity for an additional assessment. This tax was for the taxable year 1919.

Plaintiff argues that the statute of limitation as to assessment and collection started to run upon the filing of his return for 1919, and at the same time argues that the statute of limitation as to the filing of claims for refund did not begin to run when the tax was paid in accordance with the return filed for 1919. Plaintiff attempts to invoke the protection of the statute of limitation when it operates in his favor, but refuses it when it operates against him. The statute of limitation as to assessment and collection started to run upon the filing of the calendar year 1919 return. Appeal of Mabel Elevator Co., 2 B. T. A. 517. United States v. Mabel Elevator Co. (D. C.) 17 F.(2d) 109. It therefore follows as a necessary corollary that the statute of limitation as to filing a claim for refund for the taxable year 1919 began to run when the tax was paid in accordance with the return filed for the year 1919. This tax was paid in 1920. The claim for refund was not filed until 1926.

The plaintiff, while admitting that he should have filed his returns on the fiscal year basis, now claims in substance that, because of his own erroneous action in filing the returns on the wrong basis, he is not only entitled to the refund which the Commissioner gave him, but that the entire tax paid by him should be refunded, thus leaving him without any tax to pay for the taxable year 1919. If the Commissioner had not changed the plaintiff's return to correspond to his method of bookkeeping, his tax liability for the taxable year 1919 would stand at $22,118.55. Yet, because of the change made by the Commissioner, in order more clearly to reflect plaintiff's income, and because the Commissioner made an adjustment of the tax consistent with the law, the plaintiff argues that

his entire tax liability for the taxable year 1919 has been extinguished. He does not question the correctness of the Commissioner's determination, nor does he question the correctness of the tax liability determined for the taxable year 1919.

Plaintiff cites the decision of the Board of Tax Appeals in Appeal of Mabel Elevator Co., supra, and the court in United States v. Mabel Elevator Co., supra, as sustaining his position that the tax for the fiscal year 1919 was barred and that the Commissioner had no authority to collect any amount for that year. Those cases are not in point on the question whether any portion of the tax collected on an erroneous calendar year return is barred. In them the taxpayer filed a calendar year return when it should have filed a fiscal year return, and the Commissioner was imposing a deficiency for the fiscal year there involved. It was held that the return filed, although on an erroneous basis, started the running of the statute of limitation with respect to the fiscal year ending within the calendar year, and that the deficiency for such fiscal year proposed to be collected was barred because the deficiency notice had been mailed more than five years after the return was filed. In this suit no deficiency was proposed. The determination of plaintiff's correct tax liability for the taxable year 1919 resulted in an overassessment; the Commissioner, having once assessed plaintiff's tax for the year 1919 on April 21, 1920, was not required again to assess the correct amount when that amount was found to be less than the tax originally assessed.

In addition to the views we have hereinbefore expressed with reference to the correctness of the Commissioner's method of computing plaintiff's tax for the fiscal year involved, we think the contention of the defendant that plaintiff is not entitled to recover because its claims for refund were not filed within four years from the payment of its tax for the taxable year 1919, nor within five years after the date the return was due, is well taken, and prevents recovery by the plaintiff. The Commissioner of Internal Revenue assessed against the plaintiff a tax for 1919 on April 21, 1920, well within the five-year period prescribed by section 250(d) of the Revenue Act of 1921. This tax was paid in four installments during the year 1920. The claims for refund were filed February 2, 1926, and December 20, 1926, neither of which was filed within four years from the date upon which the tax was paid nor within five years from the date the return was due.

The petition must be dismissed, and it is so ordered.

BOOTH, Chief Justice, and WILLIAMS and GREEN, Judges, concur.

WHALEY, Judge, did not hear this case, and took no part in the decision thereof.