## AMERICAN HIDE & LEATHER CO. v. UNITED STATES.

### No. J–555.

Court of Claims.
Nov. 3, 1930.

William E. Hayes, of Washington, D. C. (Hayes & Hayes, of Washington, D. C., on the brief), for plaintiff.

H. A. Cox, of Washington, D. C., Charles B. Rugg, Asst. Atty. Gen., and C. J. Mattson, of Washington, D. C. (Charles F. Kincheloe, of Washington, D. C., on the brief), for the United States.

Before BOOTH, Chief Justice, and GREEN, LITTLETON, WILLIAMS, and WHALEY, Judges.

LITTLETON, Judge.

Plaintiff brings this suit to recover $556,754.72, alleged to represent an overpayment of income and profits tax for the last six months of the calendar year 1919, being the first six months of the fiscal taxable year beginning July 1, 1919, and ending June 30, 1920.

As shown by the facts, the commissioner held that the erroneous calendar-year returns were returns under the statute for the fiscal year ending within such calendar year and treated the tax assessed and paid on such calendar-year returns as having been paid on a return for such fiscal year. As a result, the Commissioner of Internal Revenue held that there had been no overpayment for the period claimed by plaintiff. The result of the commissioner's determination upon audit of the returns for 1918, 1919, and 1920 was to show an overassessment of $538,202.77 for the six-month period ending June 30, 1918. Of this amount the refund of $443,367.61 was barred by the statute of limitation and the balance of $94,835.16 was duly refunded by the commissioner with interest.

Plaintiff contends that one-half of the tax paid under each of the erroneous calendar-year returns must be regarded as having been paid for each of the two fiscal years involved in such erroneous return. It therefore claims that six-twelfths of the tax paid under the erroneous calendar year 1918 return should be treated as having been paid for the fiscal period ending June 30, 1918, and six-twelfths should be treated as a tax paid for the fiscal year ending June 30, 1919, and that the tax

collected on the erroneous calendar year 1919 return should be similarly applied.

Defendant contends that the tax paid under any such erroneous return must be treated as a tax paid for the correct taxable period or year for which the return should have been filed and the tax paid, and that any overpayment should be refunded or credited against any tax due for another taxable period in the usual and ordinary manner expressly provided by statute in respect of overpayments.

The question for decision, therefore, is whether a taxpayer having erroneously filed a return or returns and paid the tax thereunder for a period other than that required by law is entitled to have the tax so paid apportioned between the two taxable years involved upon the basis of the respective number of months concerned which fall within each of the correct taxable years.

This question has been fully considered and discussed by the court in P. L. Mann v. United States (Ct. Cl.) 44 F.(2d) 1005, this date decided. For the reasons therein set forth, we are of opinion that plaintiff is not entitled to recover any amount as an overpayment of tax for the fiscal year ending June 30, 1920.

The petition must therefore be dismissed. It is so ordered.

BOOTH, Chief Justice, and WILLIAMS and GREEN, Judges, concur.

WHALEY, Judge, did not hear this case and took no part in the decision thereof.

### On Motion for New Trial.

LITTLETON, Judge.

Plaintiff's petition was dismissed by opinion rendered November 3, 1930. Thereafter plaintiff filed a motion for a new trial and brief in support thereof.

It is insisted, first, that "the court erred in treating the calendar year 1919 statement of income as a statutory return for the fiscal year ended June 30, 1919," and, secondly, that "the court erred in treating the tax paid on income of the twelve months' period ending December 31, 1919, which period was not the taxable period, as if it were a payment made for a taxable year ending in such calendar year."

With respect to the first point the court held that when a taxpayer files a calendar-year return, when it should have filed a return for the fiscal year ending during such calendar year, such return, although on an erroneous basis, must be treated as a return under the statute, and it can only be treated as a return for a taxable period or year that has ended during the period covered by it.

On the second point the court decided that a tax assessed and paid on a return for a calendar year, when the true accounting period of the plaintiff was a fiscal year ending within that calendar year, must be regarded as having been assessed and paid for the fiscal taxable year ending within the year for which the return was filed, even although the taxpayer filed his return on the wrong basis.

In oral argument upon the motion for a new trial and in the brief in support thereof, counsel for plaintiff contend that the calendar-year returns filed cannot be regarded as returns under the statute for any purpose, since in neither form nor substance did they purport to contain the income for a fiscal year which was the taxpayer's annual accounting period and for which it was required by the statute to file returns. We cannot concur in this contention. Except for the fact that plaintiff did not file sufficient and timely claims for refund with respect to the tax paid on the calendar year 1918 return, there would be no basis whatever for the claimed overpayment for the fiscal year beginning July 1, 1919, and ending June 30, 1920, for the reason that had the commissioner not been prevented by the statute of limitation from refunding the entire overpayment determined for 1918, the plaintiff would have received the refund of all of the tax paid in excess of its correct tax liability for each of the fiscal years ended June 30, 1918, 1919, and 1920. The overpayment claimed by the plaintiff to have been made for the first six months of the fiscal year ended June 30, 1920, can only be supported by completely disregarding for all purposes the calendar-year returns filed and by treating each of them merely as a statement of income and deductions of the tax paid thereon as a tax for the first half and the second half of plaintiff's fiscal taxable year. In other words, in order to bring the claimed overpayment within a period covered by a sufficient and timely claim for refund, one-half of the tax paid on each of the calendar-year returns must be treated as an advance payment for the first six months of the fiscal year ending on June 30. We are of opinion, as pointed out in P. L. Mann v. United States (Ct. Cl.) 44 F.(2d) 1005, that the calendar-year returns must be treated as statutory returns for the fiscal year ending within the calendar year for which such re-

turns were filed. The Commissioner of Internal Revenue correctly so held and adjusted the income, deductions, and the tax paid accordingly. Returns are not fatally defective merely because they do not include all of the income for the correct taxable period for which the returns should have been filed, or because they may include income which properly belongs in some other taxable period, or because the returns were made upon an erroneous basis. The treatment by the defendant of the calendar-year returns as statutory returns for the taxable fiscal years ending within the calendar years for which such returns were improperly made for the purpose of assessment, collection, refunds, credits, and the statute of limitations was, in our opinion, a correct administration of the taxing act. The calendar-year returns purported to and did cover a period recognized by the statute as a taxable year. The taxable year covered by each calendar year return did not include the entire taxable year of the plaintiff, because its books were kept on a fiscal year basis. Each return was therefore made on an erroneous basis and included income and deductions of a portion of two of plaintiff's correct taxable years. When the commissioner came to audit the calendar-year returns, he discovered that the plaintiff was on a fiscal year basis and it was necessary for him to adjust the income returned, the deductions taken, and the tax paid to conform to the plaintiff's fiscal year. He did this by adjusting the income, deductions, and tax liability of the correct fiscal taxable year to the calendar-year returns covering the period in which the fiscal year ended. The commissioner would not have been justified in completely ignoring the calendar-year returns filed and in treating the taxpayer as if it had never filed a return for any of the taxable years 1918 to 1920, inclusive. This conclusion is not inconsistent with Lucas v. Pilliod Lumber Co., 281 U. S. 245, 50 S. Ct. 297, 74 L. Ed. 829, 67 A. L. R. 1350, where the taxpayer failed to sign and swear to a return. Nor is the case of Florsheim Brothers Drygoods Co., Ltd., v. United States, 280 U. S. 453, 50 S. Ct. 215, 74 L. Ed. 542, authority for the contention of the plaintiff that calendar-year returns filed by a taxpayer keeping its books on the fiscal-year basis are without legal significance whatever and must be completely ignored. The Florsheim Case involved the question whether a request for extension of time within which to file a return accompanied by an estimate of the total tax due for the year was a sufficient return to set in motion the statute of limitations. The holding of the court that such a document could not be considered a return under the statute cannot be extended to include a complete calendar-year return filed by a taxpayer employing the fiscal-year basis of accounting.

We find no reason justifying a modification of the decision heretofore rendered. The motion for a new trial is therefore denied.

BOOTH, Chief Justice, and WHALEY, WILLIAMS, and GREEN, Judges, concur.