## Manufacturer's Exemption for Fiscal Year Corporations

THOMAS D. MCBRIDE, Attorney General, and SIDNEY MARGULIES, Deputy Attorney General, December 20, 1957.—We are in receipt of your letter requesting advice as to whether corporations reporting on a fiscal year basis as a result of their use of a 52-53 week year, and who begin a fiscal year during the last six days of 1957, are entitled to the manufacturer's exemption provision of the Capital Stock and Franchise Tax Act which becomes effective with the taxable year 1958[1]. Your letter also requests advice as to whether corporations filing tax returns for a short period of operations beginning in 1958, preceding the commencement of a full taxable fiscal year in 1958, are entitled to the benefit of the manufacturer's exemption for the short period of operations.

## I.

Section 20 of the Capital Stock and Franchise Tax Act[2] permits taxpayers to file their reports on a fiscal year basis. The term "fiscal year" has been defined as an accounting period of 12 months ending on the last day of any month other than December; United States v. Mabel Elevator Company, 17 F. 2d 109, 110 (Minn., 1925); John Morrell & Co. v. Wilder, 72 S. D. 441, 36 N. W. 2d 390, 391 (1949). A 52-53 week year is an

---

[1] ". . . Provided further, That after said eleven year period [calendar year 1957 or fiscal year beginning in 1957] the provisions of this section shall not apply to the taxation of the capital stock of corporations, . . . organized for manufacturing purposes, which is invested in and actually and exclusively employed in carrying on manufacturing within the State, . . . but every corporation, . . . shall pay the State tax, . . . upon such proportion of its capital stock, if any, as may be invested in any property or business not strictly incident or appurtenant to the manufacturing business, . . .": Act of June 1, 1889, P. L. 420, sec. 21(a), as last amended by the Act of March 15, 1956, P. L. (1955) 1285, sec. 21(a), 72 PS §1871(a). (Subsequent clauses contain similar provisions for foreign corporations required to pay a franchise tax.)

[2] The Act of June 1, 1889, P. L. 420, sec. 20, as last amended by the Act of May 24, 1956, P. L. (1955) 1703, sec. 1, 72 PS §1902.

accounting period which does not necessarily end on the last day of any month. Rather, the period ends on the same day of the week, 52 or 53 weeks after the beginning of the period. The period may begin during any calendar month. The use of a fiscal year permits a corporation to close its books at the end of its natural business year, while the use of the 52-53 week year permits a corporation to divide a calendar year into 13 uniform and more comparable periods of time. Their purposes are entirely different but both devices may be simultaneously employed. Therefore, a 52-53 week year is not in itself a "fiscal year" as that term is generally defined. A 52-53 week year which begins within six days of January 1st and ends within six days of December 31st is basically a calendar year with a slight adjustment to facilitate the keeping of accounting records.

Your department has allowed taxpayers to file tax reports on a 52-53 week basis under the provisions of section 702 of The Fiscal Code[3] which provides that a corporation which closes its fiscal year on "some other date than the thirty-first day of December" and reports to the United States Government on that basis shall file any report due 105 days after such date. No other section of The Fiscal Code or any other of the Commonwealth's tax statutes make any special provision for reporting on a 52-53 week basis. Therefore, when the effective date of a particular provision is expressed in terms of taxable years beginning or ending with reference to the first or last day of the month or in terms of taxable years, either calendar or fiscal, taxpayers reporting on a 52-53 week basis must consider their taxable year as beginning with the first day of the calendar month beginning nearest to the first

---

[3] The Act of April 9, 1929, P. L. 343, art. VII, sec. 702, as last amended by the Act of July 13, 1957, P. L. 838 (Act No. 388), 72 PS §702.

day of their taxable year and as ending with the last day of the calendar month ending nearest to the last day of their taxable year. In this way, taxpayers who report on a 52-53 week year come within either a fiscal or a calendar year and still are allowed to report on the same basis as they do for the United States Government. The result is a uniform method of taxation which is not unreasonable in application nor unwieldy in administration. Therefore, corporations reporting on a 52-53 week year beginning their taxable years during the last six days of 1957 shall be considered to be reporting on a calendar year basis and shall be entitled to the manufacturer's exemption provision of the Capital Stock and Franchise Tax Act, supra.

## II.

The Capital Stock and Franchise Tax Act, supra, provides that after an 11-year period which is to end with the calendar year 1957, or any fiscal year beginning in the calendar year 1957, the manufacturer's exemption is to become effective. The plain meaning of the words of the act ". . . That after said eleven year period the provisions of this section shall not apply . . .", requires an interpretation which will allow any corporation filing a report which covers a period of time beginning on or after January 1, 1958, to claim the manufacturer's exemption. The fact that the report is to cover a short period of operations in lieu of a complete year is of no relevance in the absence of any provision in the statute making such a distinction:

"When the words of a law are clear and free from all ambiguity, the letter of it is not to be disregarded under the pretext of pursuing its spirit."[4]

Therefore, you are accordingly advised that corporations reporting on a fiscal year basis as a result

---

[4] Statutory Construction Act, Act of May 28, 1937, P. L. 1019, sec. 51, 46 PS §551.

of their use of a 52-53 week year, and who begin a fiscal year during the last six days of 1957, are entitled to the manufacturer's exemption provision of the Capital Stock and Franchise Tax Act. You are further advised that corporations filing tax returns for a short period of operations beginning in 1958, preceding the commencement of a full taxable fiscal year in 1958, are also entitled to the benefits of the manufacturer's exemption for the short period of operations.