## ARTHUR C. HARVEY CO. v. MALLEY et al.
### No. 4319.

District Court, D. Massachusetts.

Oct. 13, 1931.

O. Walker Taylor, of Boston, Mass., and Maurice Kay, of Washington, D. C., for plaintiff.

J. Duke Smith, of Boston, Mass., and Henry C. Clark, of Washington, D. C., for defendants.

LOWELL, District Judge.

The plaintiff paid its taxes for the year 1918 to Collector John F. Malley. It filed a petition for a refund, which contained a claim of credit for deficiencies in the years 1915, 1916, and 1917. The petition was granted in the year 1924, and the Commissioner of Internal Revenue issued a certificate of overassessment, which he sent to Malcolm E. Nichols, who had succeeded Malley as collector. On January 3, 1924, Nichols allocated part of the refund to the payment of deficiencies in the taxes for the years 1915, 1916, and 1917, as the plaintiff had requested, except that a greater amount than that asked was credited to the year 1917. The total of the requested credits was $48,563.39, while the amount credited was $74,648.39. On February 18, 1924, the Commissioner approved this action, and paid the balance of the refund to the plaintiff. It is admitted by the government that these payments were applied to outlawed taxes.

The plaintiff has experienced a change of heart, and is now suing to recover the whole amount of credits. It contends that the Commissioner had no power to make these cred-

its, owing to the Revenue Act of 1928 (26 USCA § 20001 et seq.).

The arguments on both sides took a wide range, and many contentions were made which need not be considered, as in the opinion of this court the plaintiff is precluded from recovery by sections 607 and 609 of the Revenue Act of 1928 (chapter 852, 45 Stat. pp. 874, 875; USCA title 26, §§ 2607 and 2609). The only discussion of this subject with which I am familiar occurs in the case of United Motors Corporation v. United States (D. C.) 44 F.(2d) 407, where Judge Patterson reaches a similar conclusion as to the meaning of these statutes. The sections read as follows:

"§ 2607. Effect of Expiration of Period of Limitation against United States

"Any tax (or any interest, penalty, additional amount, or addition to such tax) assessed or paid (whether before or after May 29, 1928) after the expiration of the period of limitation properly applicable thereto shall be considered an overpayment and shall be credited or refunded to the taxpayer if claim therefor is filed within the period of limitation for filing such claim. (May 29, 1928, 8:00 a. m., c. 852, § 607, 45 Stat. 874.)

"§ 2609. Erroneous Credits

"(a) Credit against Barred Deficiency. Any credit against a liability in respect of any taxable year shall be void if any payment in respect of such liability would be considered an overpayment under section 2607.

"(b) Credit of Barred Overpayment. A credit of an overpayment in respect of any tax shall be void if a refund of such overpayment would be considered erroneous under section 2608.

"(c) Application of Section. The provisions of this section shall apply to any credit made before or after May 29, 1928. (May 29, 1928, 8:00 a. m., c. 852, § 609, 45 Stat. 875.)"

The purpose of the statute was to prevent the refund of payments collected by distraint after the period of limitation fixed by the Revenue Act of 1921 had run. It was passed to nullify the effect of the decision in Bowers v. N. Y. & Albany Lighterage Co., 273 U. S. 346, 47 S. Ct. 389, 71 L. Ed. 676. See Graham v. Goodcell, 282 U. S. 409, 417, 418, 51 S. Ct. 186, 75 L. Ed. 415. It was not a remedial act in favor of taxpayers, but was designed to help the taxing authorities.

By section 607, a tax paid after the period of limitation has ended, as in the present case, is declared to be an overpayment which shall be returned to the taxpayer, if a claim has been filed within the prescribed period.

Section 609 relates to credits. Paragraph (a) of that section is poorly drawn. The evident intention is to put credits and refunds upon the same footing, and provide that payments on a barred deficiency, whether made directly by the taxpayer or indirectly by a credit, shall not be disturbed, unless a claim for the refund of the taxes paid for that year had been made. If we construe the paragraph strictly, this result will not be reached because of the use of the word "over-payment," which is declared by section 607 to be a payment on a barred deficiency, and not, as the legislative mind evidently thought, a recoverable overpayment.

In my opinion, paragraph (a) should be construed as if it read: "Any credit * * * shall be void if any payment in respect of such liability would be considered an overpayment as to which the taxpayer is entitled to a refund under § 607." This construction does some violence to the literal meaning of the statutory words, but the result is so obviously the one intended that it seems to me to be permissible, the more so as there could be no reason for refusing a refund and yet declaring a credit void.

In the case before the court, no refund could be made to the plaintiff, because no claim has ever been filed for a refund of the taxes for the years 1915, 1916, or 1917. As no refund could be made, the credit is not void.

Judgment for the defendants.