## AMERICAN HIDE & LEATHER CO. *v.* UNITED STATES.

No. 62.   Argued November 25, 1931.—Decided January 4, 1932.

*Messrs. George E. Hamilton* and *William E. Hayes* for petitioner.

*Assistant Attorney General Rugg,* with whom *Solicitor General Thacher* and *Messrs. George H. Foster, Bradley B. Gilman,* and *Erwin N. Griswold* were on the brief, for the United States.

MR. JUSTICE STONE delivered the opinion of the Court.

This case is here on certiorari, to review a judgment of the Court of Claims, denying recovery of an overpayment of income taxes because barred by the statute of limita-

tions. 71 Ct. Cls. 114; 48 F. (2d) 430, 434. Claim for refund was filed September 15, 1925, and the questions presented are whether the court below correctly held that the admitted overpayment was of the tax due and payable for petitioner's fiscal year ending June 30, 1918, so that the bar of the statute had fallen at the time of the claim for refund, or was of taxes on income for the fiscal period ending June 30, 1920, and, if the latter, whether recovery was barred by the statute of limitations.

Petitioner filed income tax returns for the calendar years 1918, 1919, and 1920, although in each of those years it had kept its books on the basis of a fiscal year ending June 30th. By § 212 (b) of the Revenue Act of 1918, c. 18, 40 Stat. 1057, 1064, returns were required to be made on the basis of the fiscal year, as shown by the taxpayer's books of account, and under the applicable section and regulation petitioner was required to file a return for the six months ending June 30, 1918, and for the years ending on June 30, 1919 and 1920. § 226, 40 Stat. 1057, 1075; Treasury Regulations 45, art. 431. Pursuant to its returns for the calendar years in question, petitioner paid taxes as follows:

*For the calendar year*

| | |
|---|---|
| 1918 | $1,246,271.24 |
| 1919 | 1,113,509.41 |
| 1920 | None |
| | $2,359,780.65 |

Refunds of the taxes paid were made in the following amounts, to which interest was added:

| | | |
|---|---|---|
| May 17, 1928 | $217,194.58 | |
| Aug. 17, 1928 | 94,835.16 | |
| | | 312,029.74 |

Net payments of taxes for the calendar years 1918, 1919, 1920 ............ $2,047,750.91

The correct tax for the period in question as computed by the Commissioner on the basis of amended returns for petitioner's fiscal years:

For the 6 months ending June 30, 1918.. $708,068.47
For the fiscal year ending June 30, 1919.  896,314.83
For the fiscal year ending June 30, 1920.      None
                                                       ————————— $1,604,383.30

Total overpayment for the period in question..   $443,367.61

The Government contends that as the only return petitioner was authorized by the statute to make for the year 1918 was for the six months, January 1st to June 30th, petitioner's return for the calendar year can be given effect only as a return for that six months, and payments of the tax as returned must be deemed, as the Court of Claims held, to be on account of the tax due for the six months, with a consequent overpayment for that period in the sum of $538,202.77. Of this overpayment, $94,835.16 has been refunded, and, as petitioner concedes, recovery of the $443,367.61 balance is barred by the statute of limitations if it be treated as an overpayment attributable to that period.

The petitioner insists that the amount paid as tax for each of the calendar years 1918 and 1919, should be divided and one-half applied to payment of the tax due for the fiscal period ending June 30th and one-half to payment of the tax due for the following fiscal year, the first six months of which were the last six months of the calendar year for which the tax was paid. This would result in an underpayment for the six months ending June 30, 1918, of $84,932.85, collection of which is barred by the statute; in an overpayment for the year ending June 30, 1919, of $66,380.91, reclaim of which is also barred by the statute; and in an overpayment for the year ending June 30, 1920, of $556,754.70, for which claim for refund was filed September 15, 1925, and for recovery of which the present suit was brought.

We think that neither the Government nor the petitioner has chosen the correct method of restating the account. At the outset it is to be observed that, throughout the taxable periods in question, the total payments made by the taxpayer always exceeded the total taxes due, computed, as the statute required, on the basis of the taxpayer's fiscal years; and the right to recover the excess payment turns on whether it was paid for a period bringing it within or without the applicable period of limitation. The periods for which the several payments by petitioner were made are not necessarily the same as petitioner's fiscal years, for which the statute required returns. The object of the payment is in each instance defined by the intention of the taxpayer, to be ascertained from all the relevant facts and circumstances. To determine petitioner's intention, we may look at the returns which it filed, even though they mistakenly embraced a period which did not coincide with the fiscal period for which a return was prescribed.

The return made for the calendar year 1918, and the payments of tax made in accordance with it, disclose unmistakably petitioner's intention to pay the tax on all income received during the calendar year 1918. Of the total income thus received, only that of the first six months was, under the statute, taxable in that year. Hence, the payment of taxes on the income for the entire year resulted in an overpayment of the tax accrued in the first six months in the sum of $538,202.77. But this is not, as the Government contends, to be regarded as an overpayment only of tax due for the first six months of 1918. True, the taxpayer was required to make a return and pay taxes for that six months, and was not authorized to make any other return, but it did in fact make a return of its income and pay taxes for the entire calendar year and thus evidenced its intention to include in the return, and pay taxes upon, income accruing in the last, as well as

the first, six months of the calendar year. Thus, when the taxpayer had completed its payments of taxes for the entire year, they were enough to pay in full the tax due and payable for the six months ending June 30, 1918, and in addition to pay the sum of $538,202.77 on account of the tax on income accrued in the remaining six months of the year for which the payment was made. But as those six months were embraced in the fiscal period ending June 30, 1919, which for purposes of assessing and paying the tax the statute treats as a unit, the overpayment must necessarily be treated as a payment on account of the tax accruing for that period.

For the calendar year 1919 the same considerations govern. The overpayment last referred to, applicable on account of taxes due for the fiscal year ending June 30, 1919, was not sufficient to pay the entire tax, aggregating $896,314.83, which the Commissioner assessed for that period. But the payments for the calendar year 1919, when added to this overpayment, exceeded the tax assessed for the fiscal year ending in June by a sum amounting, after deduction of refunds since made, to $443,367.61. As in the case of the tax paid for 1918, that paid by petitioner for 1919 was not for the fiscal, but for the calendar year. Consequently, the payment in excess of the tax due and payable for the period ending June 30, 1919, was in fact and in law a payment in advance on account of the tax upon income for the ensuing taxable period, the fiscal year ending June 30, 1920. As upon recomputation of the tax none was found due for that fiscal year, this payment in advance became an overpayment, when the tax for that period was assessable, which the petitioner is entitled to recover unless barred by the statute of limitations.

Section 284 (b) (1) of the Revenue Act of 1926, c. 27, 44 Stat. 9, 66, provides that no refund shall be made after four years from the time the tax is paid unless within that period a claim for refund is filed by the taxpayer.

But by § 284 (h) it is provided that that section shall not "bar from allowance a claim in respect of a tax for the taxable year 1919 or 1920, if such claim is filed before the expiration of five years after the date the return was due." As the petitioner's tax payments for the entire period under consideration were completed in December, 1920, its claim for refund, filed September 15, 1925, was not within the four year period, and its right to recover is barred unless September 15, 1925, the date the claim was filed, was before the expiration of "five years after the date the return was due," as provided by paragraph (h). The claim was in time only if, as petitioner contends, the return was due September 15, 1920, which is the date fixed by § 227 of the 1918 Act for filing petitioner's return for the fiscal year ending June 30th. See *Burnet* v. *Willingham Loan & Trust Co.*, 282 U. S. 437.

On its face, § 284 (h), which specifically refers to a claim for a refund " of a tax for the taxable year ... 1920," and bars it if not filed within five years after the return was due, would seem to refer to the time fixed by the statute for return of income for the taxable year for which the tax was paid, which, in this case, was September 15, 1920. But the Government, notwithstanding its argument that the return for petitioner's fiscal year is the only one referred to or authorized by § 212 of the 1918 Act, insists that the words " date the return was due" in § 284 (h) of the 1926 Act refer to the return which the taxpayer in fact filed for the calendar year 1919, which, under the applicable section, § 227 of the 1918 Act, was due on March 15, 1920. In support of this contention it points to the language of § 252 of the 1918 Act, in which the quoted words first occurred. In that section they were preceded by a provision requiring credit or refund " if, upon examination of any return," an overpayment appeared. From this it is argued that the proviso in the same section that refund should not be allowed unless claim was made within five years from the " date the

return was due," refers to the due date of the return actually filed and not the due date of the return required by the statute.

But it is to be noted that the reference, in § 252 of the 1918 Act, to an examination of the return, which was continued in § 252 of the 1921 Act, c. 136, 42 Stat. 227, 268, was dropped from the corresponding § 281 of the Act of 1924 and the applicable § 284 of the Act of 1926. Both of these sections provide for refund or credit of any overpayment of the tax, and specific reference to the taxable year 1920 was inserted in the proviso that the section should not bar claims for overpayment of " a tax for the taxable year 1919 or 1920 " if " filed before expiration of five years after the date the return was due." Whatever the meaning of " return " as used in the earlier sections, we think it reasonably clear that the omission by the later ones of all reference to the return actually filed and the insertion of a reference to the taxable year, in juxtaposition to the phrase " five years after the date the return was due," evidenced an intention that the date from which the statute is to run should be the due date of the return required by the statute for the taxable year.

There is no basis for the contention of petitioner that the taxes paid for each calendar year should be divided and one-half applied to tax due for the first six months and one-half for tax accruing in the last six months of the year.[1] We think neither the circumstances nor the applicable statute permits such an allocation. Section 226 of the 1918 Act authorizes the calculation of the tax for that

---

[1] Such a prorating of tax payments in order to allocate taxes, erroneously paid for a calendar year, to the portions of the two fiscal years which make up the calendar year was allowed by the Board of Tax Appeals in Paso Robles Mercantile Co. v. Commissioner, 12 B. T. A. 750; aff'd 33 F. (2d) 653. Certiorari was denied, 280 U. S. 595, upon a petition which did not present for review the method of allocation thus adopted,

part of a fiscal year falling between the beginning of the calendar year and the end of the fiscal year by the apportionment of gross income and deductions for the fiscal year, *pro rata* to the taxable fiscal period, in order to arrive at net income for the latter. See Appeal of Weed, 2 B. T. A. 84. But the section does not authorize a like apportionment of the tax paid for the calendar year, and none was made by the returns which petitioner filed. The tax paid was for the income of the entire year and was obviously intended to be applied to the payment of any tax due or payable in that year, which would include all the tax accruing for the fiscal period ending June 30th. Under § 252 of the Revenue Act of 1918, petitioner could not at any time have claimed a refund of any overpayment of tax except such amount as was " in excess of that properly due " for the first six months, and since the excess, as already indicated, was, in each year, paid on account of the calendar year, a part of which fell within the fiscal period following June 30th, a correct statement of the account requires the overpayment to be credited to that rather than the preceding fiscal period.

It follows that recovery should be allowed of the amount of the overpayment not already refunded, which, as stated, is $443,367.61, with interest computed in accordance with the applicable statutes, and that the judgment should be reversed and the cause remanded for further proceedings in accordance with this opinion.

The amounts of the tax computed by the Commissioner and the amount of the overpayment as stated in this opinion are those shown by the findings of the Court of Claims, but the mandate of this Court will be without prejudice to any restatement of the amount of overpayment based on a recomputation of the tax.*

*Reversed.*

---

* The opinion is printed here as amended by an order of January 25, 1932, which added the paragraph to which this note is appended. See *post,* p. 598.