## MANN v. UNITED STATES.
### No. J–201.

Court of Claims.
May 2, 1932.

See, also, 44 F.(2d) 1005.

Robert Ash, of Washington, D. C., for plaintiff.

Lisle A. Smith, of Washington, D. C., and Charles B. Rugg, Asst. Atty. Gen., for the United States.

Before BOOTH, Chief Justice, and LITTLETON, WHALEY, WILLIAMS, and GREEN, Judges.

LITTLETON, Judge.

The plaintiff submits a motion for leave to file a motion for a new trial in this case on the ground that he is entitled to recover under the decision of the Supreme Court in American Hide & Leather Co. v. United States, 284 U. S. 343, 52 S. Ct. 154, 76 L. Ed. —.

Plaintiff filed an income tax return for the calendar year 1918 on March 15, 1919. The tax shown on this return was duly assessed, and final payment thereof was made December 13, 1919. He filed a return for the calendar year 1919 on March 10, 1920, showing a tax of $22,118.55, which was duly assessed, and final payment was made December 16, 1920. Plaintiff's books were kept on the basis of a fiscal year ending January 31. The Commissioner of Internal Revenue discovered in 1923 that plaintiff employed the fiscal year method of accounting, whereupon the Commissioner, in February, 1924, determined the amount of the tax due by plaintiff for the month of January, 1918, issued a certificate of overassessment, and refunded the excess of the tax paid under the 1918 calendar year return over the tax so determined for the month of January. At the same time the Commissioner determined the tax liability for the fiscal year beginning February 1, 1918, and ending January 31, 1919, to be $11,771.23. A certificate of overassessment for the amount by which the $22,118.-55, paid in 1920, under the return for the calendar year 1919, exceeded the tax liability of $11,771.23, actually due for the fiscal year ending January 31, 1919, was approved for payment February 4, 1924, and this excess of $10,347.32 was refunded or credited to the plaintiff.

February 2, 1926, plaintiff filed a claim for refund of $11,771.23, the portion of the tax paid under the 1919 calendar year return, which was applied by the Commissioner in satisfaction of the tax for the fiscal year ending January 31, 1919. This claim was rejected by the Commissioner July 24, 1928, but in the meantime this suit had been commenced on April 17, 1928. This court dismissed the petition (44 F.(2d) 1005, 71 Ct. Cl. 31).

Independently of the question whether this court now has jurisdiction to entertain this motion, the original decision of the court was correct, and the plaintiff is not entitled to recover. Section 284 (b) (1) of the Revenue Act of 1926, 26 USCA § 1065 (b) (1), provides that no refund of an overpayment of tax imposed by the Revenue Act of 1918

shall be made "after four years from the time the tax was paid, unless before the expiration of such period a claim therefor is filed by the taxpayer" subject to certain exceptions not material here.

Plaintiff paid $22,118.55 during 1920; final payment being made December 16, 1920. It is a part of this sum which plaintiff now seeks to recover. The claim for refund was not filed until February 2, 1926, more than four years after the tax in question was paid. Under the above-quoted section, recovery of this tax is consequently barred. The time for filing a claim for refund is not extended by the provisions of section 284 of the Revenue Act of 1926. Subdivision (h) of this section provides that section 284 shall not "bar from allowance a claim in respect of a tax for the taxable year 1919 or 1920 if such claim is filed before the expiration of five years after the date the return was due." Plaintiff's return for the fiscal year ending January 31, 1919, was due April 15, 1919, and his return for the fiscal year ending January 31, 1920, was due April 15, 1920. The claim for refund was therefore filed more than five years after the return was due.

Plaintiff contends, however, that the period for filing claim for refund did not start to run until 1924 when the Commissioner applied the amount now sued for in payment of the tax due for the fiscal year ending January 31, 1919. He contends that the reallocation of the money paid in liquidation of the tax disclosed by the returns on the calendar year basis constituted a payment by him of the tax on a fiscal year basis at the time of the Commissioner's action. As originally held, this was not a payment by the plaintiff. It was not an application of a credit within the meaning of the pertinent statute, and the decision of Graham & Foster v. Goodcell, 282 U. S. 409, 51 S. Ct. 186, 75 L. Ed. 415, is not applicable. It was the allocation by the Commissioner of a portion of money paid by the plaintiff for taxes for a calendar year to a fiscal period included in that year. It was a mere designation of the application of the money paid to a portion of the purpose for which the whole was paid. So far as the plaintiff was concerned, nothing that the Commissioner did violated any of the purposes for which he had paid the amount. Even if the application by the Commissioner in 1924 be treated as a payment at that time, the plaintiff cannot prevail, for he has not shown that he did not owe the tax thus paid.

In addition to the foregoing reasons, it appears that under the decision of the Su-

preme Court in American Hide & Leather Co. v. United States, supra, there would be no refund. The Supreme Court in effect held that money paid for the calendar year should be applied first in discharge of the correct tax for the fiscal period or year ending in the calendar year, and the excess should be applied on the tax liability for the subsequent fiscal year. The application of this principle to the present case shows that plaintiff has received the refund of the entire amount to which he was entitled. The computation follows:

| | |
|---|---:|
| Tax paid for the calendar year 1918....... | $ 2,343.34 |
| Correct tax for the fiscal period ended January 31, 1918 (1 month)............... | 571.00 |
| The overpayment was the difference... This must be considered a payment for the next taxable year. | 1,772.34 |
| Tax paid for the calendar year 1919...... | 22,118.55 |
| Making a total to be applied to the next fiscal year, February 1, 1918, to January 31, 1919...................... | 23,890.89 |
| Correct tax for the fiscal year February 1, 1918, to January 31, 1919.................. | 11,771.23 |
| The overpayment is the difference.... | 12,119.66 |

The findings [44 F.(2d) 1005], 71 Ct. Cl. 31, show that the following refunds and credits were made:

| | |
|---|---:|
| Refund ......................... | $1,772.34 |
| Refund ....................... | 8,279.92 |
| Credit against 1920 tax........ | 2,067.40 |
| Total amount refunded and credited | 12,119.66 |

The motion for leave to file a motion for a new trial is therefore denied.