**ARTHUR C. HARVEY CO. v. MALLEY et al.**

**No. 2667.**

Circuit Court of Appeals, First Circuit.

Oct. 11, 1932.

For former opinion, see 60 F.(2d) 97, which affirmed 52 F.(2d) 885.

O. Walker Taylor, of Boston, Mass., for appellant.

Henry C. Clark, Sp. Atty., Bureau of Internal Revenue, of Washington, D. C. (Frederick H. Tarr, U. S. Atty., and J. Duke Smith, Sp. Asst. to the U. S. Atty., both of Boston, Mass., C. M. Charest, Gen. Counsel, Bureau of Internal Revenue, and Herbert S. Fessenden, Sp. Atty., Bureau of Internal Revenue, both of Washington, D. C., on the brief), for appellees.

Before BINGHAM, WILSON, and MORTON, Circuit Judges.

WILSON, Circuit Judge.

The plaintiff in this case filed a petition for a rehearing, which has been denied. It now asks to be heard orally on the question of the proper method of computing taxes under sections 205 and 226 of the Revenue Act 1918 (40 Stat. 1061, 1075), in order that this court may correct what plaintiff's counsel conceives to be an error on the part of the court in interpreting these two sections.

Rule 29 requires that petitions for rehearing shall be filed within fifteen days after judgment. Plaintiff's motion is in effect a petition for rehearing in another guise. To establish a practice of granting such a motion, filed after the time has elapsed for filing a petition for rehearing, would render the rule nugatory. Furthermore, we do not think the grounds assigned by counsel have any merit.

The plaintiff's fiscal year ended on June 30. Prior to 1918 it had filed its returns on the basis of the calendar year. Under section 226 of the 1918 act it was obliged to file its returns on the basis of its fiscal year, and a separate return for the period from December 31, 1917, to July 1, 1918. Counsel originally contended that the tax for this latter period should be computed according to the provisions of section 205, but counsel now contends that whether computed under section 205 or section 226, the result is the same.

Section 205 of the 1918 act covered cases where the taxpayer made a return for a fiscal year beginning in 1917 and ending in 1918, while section 226 applied to cases where the taxpayer had filed a return for the calendar year of 1917, but its fiscal year differed from the calendar year, in which case section 226 provided that: "A separate return shall be made for the period between the close of the last calendar year for which return was made [in this case Dec. 31, 1917] and the date designated as the close of the fiscal year."

Under section 205, the tax for the entire fiscal year beginning in 1917 and ending in 1918, and computed in accordance with that section, was apportioned according to the part of the fiscal year falling within each of the calendar years.

Counsel contends, apparently basing his contention on some language in the opinion in American Hide & Leather Company v. United States, 284 U. S. 343, 351, 52 S. Ct. 154, 76 L. Ed. 343, that the gross income and deductions for the entire fiscal year of 1917–1918 should be apportioned to the part of the fiscal year falling in 1918, and the tax computed on the net income thus obtained for that period, which, of course, assuming the

gross income and deductions are agreed to, would produce the same result as if computed under section 205.

But the question of how the tax should be computed under section 226 was not in issue in the American Hide & Leather Company Case, and the language in the opinion on which counsel relies, being obviously dictum, should not control this court, since it is not only contrary to the language of the statute, but would produce inequitable results.

To illustrate: Let us assume that the plaintiff corporation had a taxable income during the period from June 30, 1917, to January 1, 1918, of $50,000, on which, since it made its return for the year 1917 on the basis of the calendar year, it had already paid a tax under the 1916 act (39 Stat. 756), and from December 31, 1917, to July 1, 1918, its taxable income was $150,000. Applying the theory of the plaintiff's counsel, it would in such case be taxed on an income of only $100,000 during the period from December 31, 1917, to July 1, 1918, although its taxable income during that period was $150,000. In other words, under such an interpretation of section 226 it would escape taxation on $50,000.

To state the converse of this: Assuming that its taxable income during the last half of the calendar year of 1917 was $150,000, and for the first half of 1918 was only $50,000, the taxpayer under the 1916 act, making a return for the calendar year of 1917, would have already paid a tax on $150,000 of income; yet, according to the theory of counsel for the plaintiff, its return for the period of the fiscal year falling in 1918 should show a taxable income of $100,000, and as a result it would not only pay a tax on the $50,000 actually earned in the period of the fiscal year falling in 1918, but a double tax on $50,000 more earned in 1917.

Nothing more is needed to show that such could not have been the intent of Congress, when it said in section 226 that, if a change were made from a calendar year to a fiscal year, "a separate return shall be made for the period between the close of the last calendar year for which return was made and the date designated as the close of the fiscal year."

It is clear that without the original return made in March, 1919, for the first six months of the year 1918, it cannot be shown that there was error in the denial of a refund by the Commissioner, assuming that the claim for refund had been filed within the time limit fixed by the statute.

Motion denied.