THE CHARLES E. HIRES COMPANY, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 47781.   Promulgated October 25, 1932.

*H. A. Mihills, C. P. A.*, for the petitioner.
*J. A. Morawski, Esq.*, for the respondent.

OPINION.

SMITH: The facts clearly show that although it was possible to compute petitioner's income at the close of any month, its books were kept on the basis of a fiscal year ending September 30. Since the Revenue Act of 1918, taxpayers have been required to compute their net income upon the basis of their " annual accounting period (fiscal

year or calendar year, as the case may be) in accordance with the method of accounting regularly employed in keeping the books of such taxpayer." Section 212 (b) of the Revenue Acts of 1918, 1921, 1924, and 1926. This petitioner should have filed income-tax returns on the basis of its fiscal year ended September 30 in each year. *Henry D. Weed*, 2 B. T. A. 84; *Coghlin Electric Co.*, 3 B. T. A. 1071; *W. B. Thompson*, 5 B. T. A. 193; *Berkshire Cotton Mfg. Co.*, 5 B. T. A. 1231; *Paso Robles Mercantile Co.*, 12 B. T. A. 750; affd., 33 Fed. (2d) 653; certiorari denied, 280 U. S. 595; *Jonas Cadillac Co.*, 16 B. T. A. 932; affd., 41 Fed. (2d) 141; *San Francisco Hotel Co.*, 19 B. T. A. 383; *Cohen, Endel Clothing Corp.*, 20 B. T. A. 169; *American Hide & Leather Co.* v. *United States*, 284 U. S. 343.

From the record it appears that the respondent did not adjust petitioner's returns prior to January 1, 1926, to a fiscal year basis, because he considered such adjustments barred by the statute of limitations. Beginning with January 1, 1926, respondent attempted to restate the tax liabilities of the petitioner and in doing so used a short period, namely, January 1 to September 30, 1926, as the first period. The respondent contends that such adjustment is warranted by section 226 of the Revenue Act of 1926.[1]

We are of the opinion that section 226 does not authorize the respondent to determine a deficiency upon the basis of a tax liability for a short period. In the circumstances of this case the petitioner

---

[1] SEC. 226. (a) If a taxpayer, with the approval of the Commissioner, changes the basis of computing net income from fiscal year to calendar year a separate return shall be made for the period between the close of the last fiscal year for which return was made and the following December 31. If the change is from calendar year to fiscal year, a separate return shall be made for the period between the close of the last calendar year for which return was made and the date designated as the close of the fiscal year. If the change is from one fiscal year to another fiscal year a separate return shall be made for the period between the close of the former fiscal year and the date designated as the close of the new fiscal year.

(b) Where a separate return is so made, and in all other cases where a separate return is required or permitted, by regulations prescribed by the Commissioner with the approval of the Secretary, to be made for a fractional part of a year, then the income shall be computed on the basis of the period for which separate return is made.

(c) If a separate return is made under subdivision (a) the net income, computed in accordance with the provisions of subdivision (b), shall be placed on an annual basis by multiplying the amount thereof by twelve and dividing the number of months included in the period for which the separate return is made. The tax shall be such part of the tax computed on such annual basis as the number of months in such period is of twelve months.

(d) The Commissioner with the approval of the Secretary shall by regulations prescribe the method of applying the provisions of subdivisions (b) and (c) to cases where the taxpayer makes a separate return under subdivision (a) and it appears that for the period for which the return is so made he has derived a capital net gain, or sustained a capital net loss, or received earned income.

(e) In the case of a return made for a fractional part of a year, except a return made under subdivision (a), the credits provided in subdivisions (c), (d), and (e) of section 216 shall be reduced respectively to amounts which bear the same ratio to the full credits provided in such subdivisions as the number of months in the period for which return is made bears to twelve months.

was required by the statute to file a return for its fiscal year ended September 30, 1926. It never changed its methods of accounting from a fiscal year basis to a calendar year basis. The statute of limitations had not operated to bar the respondent from determining a deficiency upon the return required for the fiscal year ended September 30, 1926. If he could determine a deficiency for a short period he could determine it for the entire fiscal year, which was admittedly the accounting period for which a return should have been made. It appears that the tax liability of the petitioner for the fiscal year ended September 30, 1926, was much less than the tax liability for the short period used by the respondent. The respondent had no right to use a short period to the prejudice of the taxpayer.

In *American Hide & Leather Co.* v. *United States, supra,* the question before the court was:

\* \* \* whether the court below correctly held that the admitted overpayment was of the tax due and payable for petitioner's fiscal year ending June 30, 1918, so that the bar of the statute had fallen at the time of the claim for refund, or was of taxes on income for the fiscal period ending June 30, 1920, and, if the latter, whether recovery was barred by the statute of limitations.

The court concluded in the circumstances of that case that it was the intention of the taxpayer in making its returns on a calendar year basis to pay a tax upon the net income of the calendar year and that where the amount that was paid on the calendar year return was in excess of the tax that was due on the return for the fiscal year ended within the calendar year the excess payment was an advance payment of the tax for the succeeding fiscal year. The court concluded that neither the Government nor the petitioner had chosen the correct method of restating the account. Cf. *Bradstreet Co. of Maine,* 23 B. T. A. 1093.

In the instant proceeding we are not concerned with the method of applying payments that were made upon the calendar year return. In its petition the taxpayer prays "that this Board may hear the proceeding and compel the Commissioner to accept petitioner's basis of filing for the calendar year 1926 and, if not, to determine the tax on the basis of a fiscal year of twelve months." The petitioner is entitled to have its tax liability determined upon the basis of its fiscal year ended September 30, 1926. The petitioner admits that its tax liability for the fiscal year is slightly in excess of the amount which was paid for the full calendar year 1926.

Reviewed by the Board.

*Judgment will be entered under Rule 50.*