## WAITE HARDWARE CO. v. UNITED STATES.
### No. L–255.

Court of Claims.
May 8, 1933.

Howe P. Cochran, of Washington, D. C., for plaintiff.

Charles R. Pollard, of Washington, D. C., and Charles B. Rugg, Asst. Atty. Gen. (D. Louis Bergeron, of Washington, D. C., on the brief), for the United States.

Before WHALEY, WILLIAMS, LITTLETON, and GREEN, Judges.

WHALEY, Judge.

This is a suit to recover interest on an alleged overpayment of taxes for the fiscal year ended January 31, 1918. The plaintiff filed income-tax returns for the calendar years 1918 and 1919, although its books were kept on the fiscal-year basis ending January 31st. It appears that on March 19, 1919, the plaintiff filed a tentative income and profits tax return for the calendar year 1918, showing an estimated tax liability of $11,957.-79 and made a partial payment of $3,000 at that time. Subsequently, on June 16, 1919, the plaintiff filed a completed income and profits tax return for the calendar year 1918 showing taxes due thereon of $11,985.03. The plaintiff, having made the first payment upon the filing of the first return, paid the balance in three installments, viz.:

June 24, 1919.................................... $3,000.00
September 16, 1919............................. 3,000.00
December 15, 1919............................... 2,985.03

On March 15, 1920, a corporation income and profits tax return was filed for the calendar year 1919 which showed a tax due of $1,708.98. This amount was paid in quarterly installments on March 20, 1920; June 14, 1920; September 14, 1920; and December 14, 1920. As will be seen the taxpayer was making its return on a calendar-year basis. When this was discovered, the taxpayer filed amended corporation income and profits tax returns for these years for the purpose of making its returns conform to its books which were kept on a fiscal-year basis. The Commissioner of Internal Revenue made an audit of the returns for 1918 and 1919, in which appropriate adjustments were made to conform to the fiscal-year basis. In placing plaintiff on a fiscal basis, its tax liability was determined for the period between the end of the calendar year 1917 and the beginning of the fiscal year 1918, namely, for the month of January 1918, and in making such determination the entire tax which had been assessed and paid for the calendar year 1918 was credited against the tax liability for the

month of January 1918. Similarly, the tax assessed and paid for the calendar year 1919 was credited against the tax shown due for the fiscal year ended January 31, 1919. The result of the determination, as shown by the Commissioner, was an overpayment for the month of January 1918, of $10,880.23, and an additional tax for the fiscal year ended January 31, 1919 of $14,556.13.

The sole question is the right of the plaintiff to collect interest on the so-called overassessment or overpayment of the 1918 taxes under section 1019 of the Revenue Act of 1924 (26 USCA § 153 note). The contention of the plaintiff is that there was an overpayment of tax for the month of January 1918, of $10,880.23, and that since that amount was used by the Commissioner as a credit against an underpayment of tax for the fiscal year ended January 31, 1919, interest should be allowed on such overpayment under the provisions of section 1019 of the Revenue Act of 1924. This contention we do not think is meritorious. When plaintiff filed a return on the calendar-year basis for 1918, its intention was to pay the tax on the income received during such year. However, of the total income received during that calendar year, only that of the month of January was, under the statute, taxable in that year. Since the amount paid on the income for the entire year was in excess of that due on the income for the month of January, there was an overpayment in so far as the one month was concerned, but since such amount was paid on account of the income for the entire calendar year, the excess would constitute an advance payment on any tax which might be found to be due for the succeeding fiscal year in which the income for the remaining eleven months would be included. American Hide & Leather Co. v. United States, 284 U. S. 343, 52 S. Ct. 154, 76 L. Ed. 331. And as the court held in the foregoing case, whether there would be an overpayment within the meaning of the statute on account of the advance payment could only be determinable after a computation of the tax for the succeeding fiscal year had been made. In the case at bar, a recomputation of the tax for the succeeding fiscal year (year ended January 31, 1919), and an application of the advance payment to the tax shown to be due for such year, not only showed there was no overpayment, but on the contrary that there was an underpayment, a deficiency, for such year. Since there was no overpayment within the meaning of the statute on account of the total payment in question, no occasion exists for the allowance of interest under the provisions of section 1019 of the Revenue Act of 1924.

Some argument is advanced by plaintiff to the effect that since what the Commissioner determined was an overassessment for the month of January, 1918, and issued a certificate of overassessment to plaintiff in conformity therewith, it cannot now be considered in any other manner; in other words, it is contended that because of the action by the Commissioner the situation must be viewed as one in which an overassessment and an overpayment had been determined and allowed for the month of January, 1918, and applied as a credit against the tax due for the fiscal year ended January 31, 1919. Mere form will not blind us to the real substance of what occurred and cause us to consider something an overpayment which we are of the opinion was not an overpayment either in fact or in law.

It accordingly follows that the petition must be dismissed. It is so ordered.

BOOTH, C. J., took no part in the decision of this case on account of illness.