ROSENSTADT & WALLER, Inc., v.
UNITED STATES.
No. 41843.

Court of Claims.
June 4, 1934.

Wm. J. Hughes, Jr., of Washington, D. C., for plaintiff.

James A. Cosgrove, of Washington, D. C., and Frank J. Wideman, Asst. Atty. Gen., for defendant.

Before BOOTH, Chief Justice, and GREEN, LITTLETON, WILLIAMS, and WHALEY, Judges.

GREEN, Judge.

This is a suit to recover $30,506.31, with interest, representing alleged overpayments of income and excess profits taxes for the period January 1, 1918, to March 31, 1918, in the sum of $11,097.37, and for the fiscal year ending March 31, 1919, in the sum of $19,-408.94. It is alleged as a basis of the action that these overpayments were determined by the Commissioner and credited upon the taxes for the year 1920, the collection of which was barred by the statute of limitations. Three claims for refund were filed. The first two related to the period ending March 31, 1918, and the fiscal year ending March 31, 1919, but these claims were filed more than nine years after the final payment of taxes for the three months' period in 1918, and more than eight years after the final payment of taxes for the fiscal year 1919. Obviously they are barred by the statute of limitations.

If anything can be recovered in the case, such recovery must be based on the claim for refund filed December 9, 1929, for the period April 1, 1919, to March 31, 1920. In this claim it was alleged that certain credits were made upon the taxes of 1920 from overassessments of previous years after the statute of limitations had run against the collection of the taxes for 1920. The argument is, in substance, that the effect of the credit was to create a new payment of the taxes on the date when the Commissioner signed the schedule of refunds and credits which was February 10, 1926, that the payment having been so made, the date upon which the statute of limitations began to run was changed from the date when the payment had originally been made to the date when the credit was applied, and that the claim for refund filed December 9, 1929, was therefore in time. In other words, it is contended that although an action to recover any of the overpayment credited on the 1920 tax was barred at the time when that credit was made, the bar of the statute was extinguished by the credit and a new cause of action arose for the amount thereof under sections 607 and 609 of the Revenue Act of 1928 (26 USCA §§ 2607, 2609).

Section 607 pertains to payments on a barred tax and provides that a tax paid after the period of limitations has expired shall be considered an overpayment. Section 609 (a), 26 USCA § 2609 (a) refers solely to a credit against a barred deficiency, and declares that such credit "shall be void if any payment in respect to such liability would be considered an overpayment under section 607 [section 2607]." It will be observed that the provisions of section 609 do not make the credit an overpayment on the tax upon which it was credited, but declare that it shall be "void" if a "payment" under such circumstances would have constituted an overpayment under section 607. Being "void," the credit becomes a mere nullity and of no effect. To give the taxpayer relief where a direct payment had been made, it was necessary to give such payment upon a barred tax the status of an overpayment, which was done by section 607. But to give the taxpayer relief where a credit had been made upon a barred tax, it was only necessary to declare such credit to be void if under the circumstances a direct payment would have constituted an overpayment. Congress went no farther because it was not necessary, and because if it had declared the credit to constitute an overpayment the statute then would be inconsistent with other statutes. Section 3228 of the Revised Statutes, as amended (26 USCA § 157) provides that claims for refund must be presented within four years next after the payment of the tax. A credit is always the result of a prior payment on a tax and if, when the credit was made, it was declared to be a payment on another tax there would be two payments on different years, although only one sum had been received by the government, at one time, and for one purpose. Even if it should be conceded for the sake of the argument that the statutory provisions which we have considered are ambiguous, it is not reasonable to assume that Congress intended to provide that when a credit is made of an overpayment the period of limitations for its recovery is thereby extended, thus giving an advantage to the taxpayer if an attempt has been made to make a credit over

the taxpayer whose overpayment has not been credited. We think it clear that the statute of limitations began to run from the date when the overpayment was made, and that the third claim for refund is not only for the wrong year, but it is also barred by the statute of limitations. This conclusion is supported by our decision in the case of Parks & Woolson Machine Co. v. United States, 58 F.(2d) 868, 75 Ct. Cl. 204, and while the point may not have been expressly ruled upon elsewhere, the principle has been followed in numerous decisions made by this and other courts.

What we have said above is not in entire accord with the opinion in Harvey Co. v. Malley (D. C.) 52 F.(2d) 885, although the same result is reached. It is held therein that section 609 (a) of the Act of 1928, 45 Stat. 875 [26 USCA § 2609 (a)] is "poorly drawn" and must be construed as if it read differently. We would not be disposed in any event to rewrite the statute, and we cannot follow the reasoning used in the opinion. It would seem that the learned judge who wrote it concluded that this section as written gave different rights to a taxpayer applying for a refund of an overpayment which had been applied on a barred tax from those given a taxpayer on an overpayment which had not been so applied. If so, we are clear that this was a mistake. The statute should be read as written, and Congress evidently intended just what it says.

While the conclusions stated above are sufficient for the determination of the case, plaintiff's cause of action has another fatal defect.

██ Plaintiff kept its books on a fiscal year basis, but nevertheless paid its taxes on a calendar year basis for 1918 and 1919, and this resulted in overpayments for the fiscal years. The payments in excess for the fiscal years 1918 and 1919 were payments in advance of the tax due for the succeeding fiscal years 1919 and 1920. American Hide & Leather Co. v. United States, 284 U. S. 343, 52 S. Ct. 154, 76 L. Ed. 331. The Commissioner, however, did not so treat these excess payments, but held them to a later date and then made credits on the taxes for other years, including 1920. In this action the Commissioner erred; but the case is not affected by the fact that the Commissioner kept his books in the wrong manner and instead of applying an excess payment on the taxes of the next year undertook to apply the amount of the excess as a credit on a barred tax. Counsel for defendant has submitted a computation show-

ing what is claimed to be a correct statement of the account between the plaintiff and defendant when computed in accordance with the rule laid down in the American Hide & Leather Co. Case, supra. This statement shows there was no overpayment for the period involved. The burden of proof is upon plaintiff to show such an overpayment, and counsel for plaintiff has presented nothing to show that this calculation is incorrect. Moreover, under the principles of the case last cited, sections 607 and 609 of the act of 1928 (26 USCA §§ 2607, 2609) have no application. This constitutes a further reason why plaintiff's action must fail. In this connection it should be said that we have not failed to note that certain portions of the opinion in the American Hide & Leather Co. Case, supra, are said in Harvey Co. v. Malley (C. C. A.) 61 F.(2d) 365, to be merely dictum, but the part said to be dictum is not the portion of the opinion in the American Hide & Leather Co. Case upon which we rely.

It follows that plaintiff's petition must be dismissed and it is so ordered.

BOOTH, Chief Justice, and WHALEY and WILLIAMS, Judges, concur.

LITTLETON, Judge.

I cannot concur in the reasoning in the first part of the opinion of the court in this case, but I agree that plaintiff is not entitled to recover, and that the petition must be dismissed under the decision in American Hide & Leather Co. v. United States, 284 U. S. 343, 52 S. Ct. 154, 76 L. Ed. 331. Under the rule announced in that case, all of the taxes due for the fiscal period January 1 to March 31, 1918, and for the fiscal years ending March 31, 1919 and 1920, were legally paid prior to the expiration of any statute of limitation, and the action of the Commissioner on February 10, 1926, in allocating the taxes paid for 1918 and 1919 in excess of the amounts due for the fiscal periods ending March 31, 1918 and 1919, to the tax for the fiscal year ending March 31, 1920, was not, in the circumstances of this case, a collection of the 1920 tax on that date. The tax due for the fiscal year ending March 31, 1920, because of the filing of calendar year returns for 1918 and 1919, was legally paid in advance on and before April 25, 1921. Sections 607 and 609 of the Revenue Act of 1928 (26 USCA §§ 2607, 2609), on which plaintiff wholly relies, are not applicable in this case. I find no reason therefore to discuss them. Even if the various claims for refund filed

by plaintiff had been sufficient in law and timely filed, there could be no recovery in this case, since there was no collection out of time nor was there any overpayment.

Plaintiff filed calendar year returns for 1918 and 1919 and the taxes paid on the basis of a calendar year were in each instance in excess of the tax due for the fiscal period ending within the calendar year. For the calendar year 1918 there was a payment of $11,-097.37 in excess of the tax due for the three months' fiscal period ending March 31, 1918. This amount was an advance payment on account of the correct tax for the next fiscal year beginning in 1918 and ending in 1919. Similarly the excess payment for 1919 over the tax due for the fiscal year ending March 31, 1919, was $28,988.40, which was a legal payment in advance on account of the tax due for the fiscal year beginning April 1, 1919, and ending March 31, 1920. When the total tax paid for 1918 was applied to the total tax due for the three months' fiscal period ending March 31, 1918, and the excess advance payment on account of the tax due for the fiscal year beginning April 1 and ending March 31, 1919, was applied to the total tax for that period, there remained an excess payment in 1919 of $40,085.77 which was a legal payment in advance on account of the tax due for the fiscal year beginning April 1, 1919, and ending March 31, 1920. A fiscal year return was filed for the taxable year ending March 31, 1920, upon which a tax of $31,050.62 was due. The advance payment of $40,085.77 made on account of the tax due for the fiscal year ending March 31, 1920, exceeded the correct tax for that year by $9,-579.46. The amount of $1,786.15, of the last-mentioned amount, was timely and properly credited by the Commissioner to unpaid taxes for the fiscal years subsequent to March 31, 1920, and $7,793.31 was duly refunded.

Since the taxpayer kept its books on a fiscal year basis and filed calendar year returns for 1918 and 1919, paying a tax in each of those years in excess of the tax due for the fiscal years ending within the calendar years, the excess payment for 1918 was a legal payment in advance of the tax due for the fiscal year ending March 31, 1919, and the resulting excess payment of $40,085.77 for 1919 was a legal payment in advance of the tax due for the fiscal year 1920; the allocation of such amounts by the Commissioner on February 10, 1926, to the tax for the several fiscal years was not a collection of the tax for such fiscal years on that date under the American Hide & Leather Co. Case, su-

pra. Instead of the taxes due for the fiscal years March 31, 1919 and 1920, being collected by credit after they were barred by the statute of limitations, such taxes, for the most part, were legally paid before they were due. P. L. Mann v. United States, 58 F. (2d) 467, 74 Ct. Cl. 415.