## GLOBE GAZETTE PRINTING CO. v. UNITED STATES.

### No. 42410.

Court of Claims.
Feb. 3, 1936.

Edward S. Bentley, of New York City (Conklin & Bentley, of New York City, on the brief), for plaintiff.

Joseph H. Sheppard of Washington, D. C., and Frank J. Wideman, Asst. Atty. Gen., for the United States.

Before BOOTH, Chief Justice, and GREEN, LITTLETON, WILLIAMS, and WHALEY, Judges.

WHALEY, Judge.

For the year 1920 the plaintiff filed its income tax return on a calendar year basis on March 15, 1921, and showed a tax due of $2,747.22 which was paid. Subsequently the Commissioner of Internal Revenue determined that from September 30, 1918, the plaintiff should have returned its income on a fiscal year basis ending September ·30 of each year. On November 30, 1925, he sent the so-called "60-day letter" advising plaintiff of his determination which resulted in overassessments for the calendar year 1917 and for the first nine months of 1918 in the respective amounts of $729.90 and $87.64, and a deficiency for the year 1920 of $16,176.43. This additional tax for 1920 was assessed April 5, 1926, and was satisfied by applying thereto the overassessments for 1917, and 1918, as aforesaid, on April 17, 1926, and by a cash payment by the plaintiff on May 5, 1926.

The contention of the plaintiff is that the assessment and collection of the deficiency were barred by the statute of limitation because it was assessed and collected on a fiscal-year basis instead of on a calendar-year basis which was subsequently held to be proper for other years by the Board of Tax Appeals. Globe-Gazette Printing Co. v. Commissioner of Internal Revenue, 16 B.T.A. 161.

The plaintiff never made a return on a fiscal-year basis. All the returns made by the plaintiff were on the calendar-year basis. The return for 1920 was filed on March 15, 1921, and the Commissioner had five years in which to assess and collect any additional tax which, therefore, would extend the time to March 15, 1926. The 60-day letter was sent on November 30, 1925, which was well within the five-year period, and, therefore, under section 274 (a) of the Revenue Act of 1924, 43 Stat. 297, no assessment could be made during the 60 days and, by section 277 (b) of the same act, 43 Stat. 299, the period of limitation is sus-

pended during the period the Commissioner is prohibited from making the assessment. Therefore, the Commissioner would have had five years from the filing of the return, and 60 days during which no assessment would be made, which would make May 14, 1926, the final date on which to make the assessment. The deficiency was assessed April 5, 1926, and paid partly on April 17, 1926, by credit and the balance on May 5, 1926, in cash, both payments well within the period of the statute of limitation.

■ The contention also is made that a calendar year return can not be used as the basis for computing the statutory period because both the 60-day letter and the assessment were based on the fiscal year, and, therefore, the statute would begin to run three months after the end of the fiscal year, namely, on December 15, 1920. But, as we have remarked before, there was no return made by the plaintiff on the fiscal-year basis. The return for the year in question, in fact the returns for the previous and subsequent years, made by the plaintiff were made on the calendar-year basis. Under section 277 (a) of the Revenue Act of 1924 the filing of the return fixes the date on which the statutory period begins to run. Cf. Florsheim Brothers Drygoods Co. v. United States, 280 U.S. 453, 50 S.Ct. 215, 74 L.Ed. 542 and Oak Worsted Mills v. United States, 36 F.(2d) 529, 68 Ct.Cl. 539. A similar situation exists where the return is filed on an incorrect basis. United States v. Mabel Elevator Co. (D.C.) 17 F.(2d) 109; Paso Robles Mercantile Co. v. Commissioner (C.C.A.) 33 F.(2d) 653, and National Shirt Shops v. United States, 57 F.(2d) 925, 74 Ct.Cl. 653.

■■ The plaintiff also contends that the amount of the deficiency may be recovered since it was collected on an "incorrect basis."

A computation of the plaintiff's income on the calendar-year basis shows that the plaintiff's correct tax liability for the year 1920 is $24,823.24 as against which the government has only collected $2,747.22, which was paid when the return was made for that year, and a deficiency of $16,176.43, making a total of $18,923.65. This shows that the plaintiff has not paid its tax on the calendar-year basis by the sum of $5,899.-59.

It is fundamental that when a suit is brought for the recovery of taxes, the taxpayer must show that he has overpaid his tax and that involves a redetermination of his entire tax liability.

In the case of Lewis v. Reynolds, 284 U.S. 281, 283, 52 S.Ct. 145, 146, 76 L.Ed. 293, the court said:

"While no new assessment can be made, after the bar of the statute has fallen, the taxpayer, nevertheless, is not entitled to a refund unless he has overpaid his tax. The action to recover on a claim for refund is in the nature of an action for money had and received and it is incumbent upon the claimant to show that the United States has money which belongs to him." * * *

"Although the statute of limitations may have barred the assessment and collection of any additional sum, it does not obliterate the right of the United States to retain payments already received when they do not exceed the amount which might have been properly assessed and demanded."

The additional assessment was partly on account of the 1919 income, but there is nothing before us to show that when appropriate adjustment is made on that account, as well as on account of 1921, an overpayment would exist for the calendar year 1920. Cf. American Hide & Leather Co. v. United States, 284 U.S. 343, 52 S. Ct. 154, 76 L.Ed. 331.

The assessment and collection of the additional assessment have been timely made, and no overpayment being shown, it follows that the plaintiff cannot recover.

The petition is dismissed. It is so ordered.